# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIANO SANTIAGO, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendant(s). | CASE NO:<br>2:15−cv−08444−BRO−E<br><br>**STANDING ORDER REGARDING NEWLY ASSIGNED CASES** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND MAY DIFFER FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Beverly Reid O'Connell. The responsibility for the progress of litigation in the Federal Courts falls not only the attorneys in the action, but upon the Court as well. "To secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P. , particularly Fed. R. Civ. P. 16, 26, the Local Rules of the Central District of California, this

///

///

Courts Order for Jury Trial, and this Court's Order for Court Trial.[1]

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

1. **Service of the Complaint.** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5–3.1. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously–named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

2. **Removed Actions.** Any answers filed in state court must be re–filed in this Court as a supplement to the petition. Any pending motions must be re–noticed in accordance with Local Rule. If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. 7, 7.1, 8, 9, 10 and 11.

3. **Presence of Lead Counsel.** The attorney attending any proceeding before this Court, including all scheduling, settlement and pretrial conferences, must be the lead trial counsel. Un–excused failure of lead counsel to appear will be grounds for sanctions.

4. **Discovery.** All discovery matters have been referred to the assigned United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All documents

---

[1] Copies of the Local Rules are available on our website at "http:\\www.cacd.uscourts.gov" or they may be purchased from one of the following:

| Los Angeles Daily Journal | West Group | Metropolitan News |
|---|---|---|
| 915 East 1st Street | 610 Opperman Drive | 210 South Spring Street |
| Los Angeles, CA 90012 | P.O. Box 64526 | Los Angeles, CA 90012 |
|  | St. Paul, MN 55164–0526 |  |

must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver mandatory chambers copies of these papers to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the district court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 United Stated Code § 636(b)(1)(A). Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**5.     Motions – General Requirements**

a. Time for Filing and Hearing Motions:  Motions shall be filed in accordance with Local Rules 6 and 7. This Court hears motions on Mondays, beginning at 1:30 p.m. If the motion date selected is not available, the Court will issue a minute order striking the motion. (Counsel are advised to check the availability of a selected date *immediately* prior to filing the motion.) Opposition or reply papers due on a holiday must be filed the preceding Friday–not the following Tuesday–and must be hand–delivered or faxed to opposing counsel on that Friday. Professional courtesy dictates that moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Friday preceding a holiday. Such a filing is likely to cause a requested continuance to be granted.

Adherence to the timing requirements is mandatory for Chambers' preparation of motion matters.

     b. <u>Pre–filing Requirement</u>: Counsel must comply with Local Rule 7–3, which requires counsel to engage in a pre–filing conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution." Pursuant to Local Rule 7–3, counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non–substantive matters during the conference. The *pro per* status of one or more parties does not negate this requirement.

     c. <u>Length and Format of Motion Papers</u>:  Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11–3.1.1, either a proportionally spaced or monospaced face may be used. A proportionally spaced face must be 14–point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10½ characters per inch. These typeface requirements apply to footnoted material. That is, if Times New Roman font is used, the font size shall be no less that 14; if Courier font is used, the font size must be no less than 12.

     d. <u>Citations to Case Law</u>:  Citations to case law must be in the Bluebook format. Citations to case law must identify not only the case cited, but the specific page referenced. Hyperlinks to case citations must be included.

     e. <u>Citations to Other Sources</u>:  Statutory references should be cited in accordance with the Bluebook. Statutory references should identify with specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references that do not

specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, *et seq.*) are to be avoided. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

f. <u>Oral Argument</u>: If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

g. <u>Calendar Conflicts</u>: Counsel are to inform opposing counsel and the courtroom deputy clerk (via Chambers e–mail) as soon as a potential calendar conflict is discovered and no later than Wednesday prior to the hearing. Counsel should attempt to agree on a proposed date to accommodate the calendar conflict and the schedules of the counsel and the Court.

**6. <u>E–Filing Requirements</u>**

a. <u>Applicable Rules</u>: Counsel shall e–file all filings pursuant to Rule 5(d)(3), Local Rule 5–4, and General Order 10–07.

b. <u>Method of Filing</u>: All items that do not require the Court's signature shall be e–filed in .pdf format. All proposed signature items shall be e–filed as an attachment to the main documents in .pdf format.

c. <u>Use of Chambers E-Mail</u>: All proposed signature items must be E-MAILED to the chambers e–mail at <u>bro_chambers@cacd.uscourts.gov</u> in Microsoft Word preferred) or WordPerfect format. A .pdf convertible to one of these forms is **not** acceptable. Parties seeking a proposed order based on a stipulation or an ex parte application should e-mail **both** the order and the stipulation or ex parte application. Parties should not e-mail the accompanying documents for the proposed signature items (such as motion to dismiss) unless requested by the Court.

**Proposed orders must be on pleading paper and should not contain attorney names, addresses, etc. on the caption page, should not contain a footer with the document name or other information, and should not contain a watermark designation of the firm name, etc. in the margin.**

**7. <u>Proposed Protective Orders and Filings Under Seal</u>**

Proposed protective order pertaining to discovery must be submitted to the assigned Magistrate Judge. Proposed protective orders should not purport to allow, without further order of the Court, the filing under seal of pleadings or documents filed in connection with dispositive motion (including a class certification motion) or trial before Judge Beverly Reid O'Connell. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

An application to file documents under seal must meet the requirements of Local Rule 79–5. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with reasonable amount of effort. The parties should file both a complete versions of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal.

There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each documents or other of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or "compelling reasons," as appropriate, that such document or type of information should be protected. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

**Sealing must be justified for <u>each individual item</u> to be sealed or redacted; blanket claims of confidentiality are not allowed and will result in a denial of the application to seal. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. <u>The inclusion of clearly meritless requests to seal or redact documents may result in the complete rejection of an application to seal.</u>**

Judge Beverly Reid O'Connell is participating in a pilot project regarding the submission of SEALED DOCUMENTS. All proposed sealed documents must be submitted via e−mail to the Judge's Chambers email at BRO_chambers@cacd.uscourts.gov. Please refer to the judge's procedures and schedules for detailed instructions for submission of sealed documents.

**8.     Specific Motion Requirements**

a. Motions Pursuant to Rule 12: Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7−3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint once as a matter of course within twenty−one (21) days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is greater." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or the time for amending it as a matter of course has run, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances the moving party should agree to any amendment that would cure the defect.

b. Motions to Amend:  In addition to the requirements of Local Rule 15−1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments;

and (3) state the page and line number(s) and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

        c. <u>Summary Judgment Motions</u>:  Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least forty–nine (49) days prior to the date on which the motion is noticed for hearing. The opposition is due not later than twenty–one (21) days before the date designated for the hearing of the motion, and the reply not later than fourteen (14) days before the date designated for the hearing of the motion. Because summary judgment motions are fact–dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56–1 through 56–4.

No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.

        **i. Statement of Undisputed Facts and Statement of Genuine Issues**:

The separate statement of undisputed facts shall be prepared in a two–column format. The left hand column sets forth the allegedly undisputed fact. The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left hand

column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

      **ii.** **Supporting Evidence**. No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of opposition to a motion for summary judgment. The court will not consider such material.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The court will accept counsel's authentication of deposition transcripts, written discovery responses and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent

significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

    **iii. Objections to Evidence**. If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document. Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact. The boilerplate objections will be overruled and disregarded.

  9. **Proposed Orders**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

  10. **Mandatory Chambers Copies**: Mandatory chambers copies of all filed motions, oppositions or notice of non−opposition, and replies must be delivered to Judge Beverly Reid O'Connell's chambers on Spring Street floor not later than 12:00 noon the following business day. The Court does not require the use of blue backs. For security reasons, mandatory chambers copies should be removed from envelopes or folders before placing them on the table.

  11. **Telephonic Hearings**.  The Court believes that it is extremely helpful for lead counsel to appear for scheduling conferences, motions, pretrial, and settlement conferences. As a result, typically, the Court does not permit appearances or arguments by way of telephone conference calls. If exceptional circumstances exist necessitating a telephonic appearance, counsel should file a written application to appear telephonically detailing such exceptional circumstance.

  12. **Ex Parte Applications**.  The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed

for misuse of ex parte applications. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to Local Rules. In addition to the requirements of Local Rules 7–19 and 7–19.1, the moving party shall serve the opposing party by e–mail, facsimile transmission, or personal service and shall notify the opposition that opposing papers must be filed no later than twenty–four hours (or one court day) following such service. If counsel does not intend to oppose an ex parte application, he or she must inform the Courtroom Deputy Clerk at (213) 894–5283.

13. **TROs and Injunctions**. Parties seeking emergency or provisional relief shall comply with Rule 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty–four hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

14. **Continuances**. This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue the date of any before this Court **must** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. requesting a continuance must lodge a proposed stipulation and order including a **detailed** declaration of the grounds for the requested continuance or extension of time. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

15. **Communications with Chambers**. Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means. Counsel

may contact the Courtroom Deputy Clerk with <u>appropriate</u> inquiries only. Counsel shall not contact the Courtroom Deputy regarding status of *ex parte* application/ruling or stipulation/ruling. If counsel desires a conformed copy of any proposed order submitted to the Court, counsel shall provide an extra copy of the document, along with a self−addressed, stamped envelope. Counsel should list their facsimile transmission numbers along with their telephone numbers, and current email address on all papers to facilitate communication with the Courtroom Deputy.

**16. Order Setting Scheduling Conference**. Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order setting a Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required. Trial dates are schedules typically one year from the filing of the complaint.

**17. Alternative Dispute Resolution (ADR)**. This Court participates in the Court−Directed ADR Program. If counsel have received a Notice to Parties of Court−Directed ADR Program (ADR−08), the case will be presumptively referred to the Court Mediation Panel or to private mediation at the time of the initial conference. *See* General Order 11−10, § 5.1. Counsel should include their shared or separate views regarding a preference for the Court Mediation Panel or private mediation, and when the mediation should occur, in the written report required by Fed.R.Civ.P. 26(f) and Civil L.R. 26−1. For information about the Court's ADR Program, the Mediation Panel, and mediator profiles, visit the "ADR" page of the Court website.

\\\
\\\
\\\
\\\
\\\
\\\

**18.** **Notice of this Order**.  Counsel for plaintiff or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
Beverly Reid O'Connell
United States District Judge