1  MICHAEL N. FEUER, City Attorney
2  THOMAS H. PETERS, Chief Assistant City Attorney
   ERIC BROWN, Deputy City Attorney (SBN 170410)
3  200 North Main Street, Room 675
4  Los Angeles, California 90012
   Telephone: (213) 978-7508
5  Facsimile: (213) 978-7011
6  Eric.Brown@lacity.org

7  Attorneys for Defendants
8  CITY OF LOS ANGELES, KAREN OWENS, and JAMILAH LINTON

9                  UNITED STATES DISTRICT COURT
10
11     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELIANO SANTIAGO, an individual; and UNION POPULAR DE VENDEDORES AMBULANTES, an unincorporated association,<br><br>            Plaintiffs,<br><br>     vs.<br><br>CITY OF LOS ANGELES, FASHION DISTRICT BUSINESS IMPROVEMENT DISTRICT, DOWNTOWN LOS ANGELES PROPERTY OWNERS ASSOCIATION, INC., OFFICER LINTON in her individual capacity; OFFICER OWEN, *in her individual capacity and official* capacity; DOES 1-10,<br><br>            Defendants. | CASE NO.:  2:15-CV-08444-BRO-E<br>[*Assigned to the Honorable Beverly Reid O'Connel, Courtroom 14*]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br>[F.R.Civ.P 12(b)(6)]<br><br>Date:  June 13, 2016<br>Time:  1:30 p.m.<br>Place:  Courtroom 14<br><br>*Meet and confer under L.R. 7-3 conducted on January 11, 2016 as to dismissal of Karen Owens, and April 2, 2016 as to dismissal of all claims of Union Popular de Vendedores Ambulantes* |

1

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**
H:\SANTIAGO\Pleading\Santiago Motion to Dismiss.Final.doc

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

Introduction ........................................................................................................... 2

General Authority for a Motion to Dismiss .................................................................. 2

Argument................................................................................................................ 3

I.   No facts pleaded raise the inference of Owens' liability. ........................................ 3

II.   Union Popular cannot have standing as a representational plaintiff, because the claims of its members are "individual" by their nature. ............................................... 4

CONCLUSION ........................................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal ("Iqbal")*,
　556 U.S. 662, 129 S.Ct. 1937, 176 L.Ed.2d 868 (2009) .......................................... 3

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......................................... 3

*Hunt v. Washington State Apple Advertising Commission*,
　432 U.S. 333 (1977) .................................................................................................. 4

*Kentucky v. Graham*,
　473 U.S. 159 (1985) .................................................................................................. 3

*Lavan v. City of Los Angeles*,
　693 F.3d 1022 (2012) ................................................................................................ 4

*Maertin v. Armstrong World Industries, Inc.*,
　241 F.Supp.2d 434 (D.N.J. 2002) ............................................................................. 3

*Moss v. U.S. Secret Service*,
　572 F.3d 962 (9th Cir. 2009) .................................................................................... 3

*Robertson v. Dean Witter Reynolds, Inc.*,
　749 F.2d 530 (N.D. Cal. 1984) ................................................................................. 2

*United Food & Commercial Workers Union Local 751 v. Brown Group*,
　517 U.S. 544 (1996) .................................................................................................. 4


**Federal Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 2

**Statutes (Cont'd)**

**California Statutes**

California Retail Food Act Code § 114297 ................................................................. 5

**TABLE OF AUTHORITIES**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on June 13, 2016 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 14 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, 90012, the Defendants will move as follows:

1) KAREN OWENS ("Owens"), sued erroneously as "Officer Owen," will move the Court to dismiss the complaint on the ground that the complaint does not state a claim upon which relief can be granted;

2) Defendants CITY OF LOS ANGELES, KAREN OWENS and JAMILAH LINTON (sued erroneously as "Officer Linton") will move the Court to dismiss the complaint as brought by UNION POPULAR DE VENDEDORES AMBULANTES ("Union Popular"), as Union Popular does not meet the test for representational standing on the facts pleaded here.

This motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: May 12, 2016         MICHAEL N. FEUER, City Attorney
                            THOMAS H. PETERS, Chief Asst. City Attorney
                            **ERIC BROWN,** Deputy City Attorney


                            By: _____/s/ Eric Brown_____
                                    ERIC BROWN
                                 Deputy City Attorney

                            Attorneys for Defendants
                            CITY OF LOS ANGELES, KAREN OWENS, and
                            JAMILAH LINTON

1

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Other than being named as a defendant in the case caption and identified in paragraph 14 as an LAPD officer, Officer Karen Owens is not mentioned in the complaint. It pleads no facts identifying what actions she allegedly took to give rise to the claims asserted against her. The complaint is factually devoid as to Owens and should be dismissed.

On the other hand, Plaintiff Union Popular recites several stories about injuries its members have allegedly suffered. Each scenario pleaded is a factual recital unique to each member that Union Popular purports to represent. But pleading that foodstuffs and vending equipment was seized and destroyed does not state a violation of civil rights law, without the further allegation that there were no legitimate reasons for the government to seize and destroy those items. So for Union Popular to prevail on allegations that the seizure of foodstuffs or equipment as to any particular member had no legitimate grounds, it will have to present individualized proof of the circumstances of every seizure. Because there is no escape from its need to prove the circumstances of the seizure specific to each member, Union Popular cannot have representational standing.

### General Authority for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) standard, "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (N.D. Cal. 1984).

> "Although this Court must for the purposes of a Rule 12(b)(6) motion read the complaint indulgently, the Court is not required to accept as true unsupported conclusions and unwarranted inferences. *Schuylkill Energy Resources v. PP & L*, 113 F.3d 405, 417 (3d Cir.1997). There must be

an actual, actionable claim underlying the complaint's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)." *Maertin v. Armstrong World Industries, Inc.*, 241 F.Supp.2d 434, 450 (D.N.J. 2002).

A complaint must assert more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662, 678, 129 S.Ct. 1937, 176 L.Ed.2d 868 (2009). The allegations must demonstrate that a claim has "facial plausibility." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "bare assertions" or "a formulaic recitation of the elements" of a cause of action will not survive a motion to dismiss. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## Argument

**I.    No facts pleaded raise the inference of Owens' liability.**

Owens is sued in both her individual and official capacities. FAC ¶ 14. A suit against an employee in her official capacity is really a suit against the public entity. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). As the City of Los Angeles is already a party, it is redundant to sue Owens as a nominal defendant.

There is even less reason to sue her in her individual capacity. No facts are pleaded against her. The complaint fails to rise even up to the "naked assertion" level that would be outlawed by *Iqbal* and *Bell Atlantic*. There is no basis for maintaining a lawsuit against her.

The complaint must be dismissed as to Owens.

3
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## II. Union Popular cannot have standing as a representational plaintiff, because the claims of its members are "individual" by their nature.

Plaintiffs rely on *Lavan v. City of Los Angeles*, 11-CV-11-02874 [sic] as the basis for claiming their rights have been violated. Complaint ¶ 34. That case resulted in the published decision of *Lavan v. City of Los Angeles*, 693 F.3d 1022 (2012). Plaintiffs plead that the seizure of their carts was not pursuant to a warrant, and was not performed in order to obtain evidence of a crime. Complaint ¶¶ 30-31. But *Lavan* allowed property to be seized for additional reasons: if it was abandoned, if it posed an immediate threat to health or safety, and if it was contraband. 693 F.3d at 1026.

Plaintiffs do not plead that the in every instance in the complaint in which a member of Union Popular complains of a seizure, the property was not abandoned, did not pose an immediate threat to health or safety, and was not contraband. Simply proving that each member operated its carts in basic compliance with the California Retail Food Act ("the Health Code") would require individualized proof. *See*, *e.g.*, Cal. H. & S. Code § 114297 ("mobile food unit" must be stored daily in a manner that protects it from contamination). In fact, Union Popular does not plead a plethora of facts that would be necessary to make the seizures per se unlawful: that the members' food containers were enclosed from the elements; that their food carts were of such design that they guarded against the infiltration of hairs from humans and animals, or invasion by insects; that their food items on the offensive ground of the Fashion District; and in general that the vendors complied with the health laws in such a manner that there could be no grounds for seizure and destruction of the carts and equipment. Even pleading those allegations would underscore the numerous facts necessary to establish each individual union member's alleged harm.

An organizational plaintiff cannot stand in place of its members in a representative capacity if either the claim or the relief requested would require that the members participate individually. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977), *abrogated as to mass layoffs United Food &*

*Commercial Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996). Here, whether or not members of Union Popular were in compliance with the Health Code such as to justify retention and/or return of their property would require individualized proof.

Plaintiffs also assert that Union Popular has standing in its own right, as it has had to expend its own resources to help its membership attempt to retrieve their property. But once again, whether or not its alleged efforts on behalf of its membership were justifiable, or undertaken speculatively and gratuitously for persons who had no realistic chance of receiving their property back, will depend on individualized proof of whether the members had complied with the Health Code, and did not violate it so egregiously that seizure and/or destruction of the property was justified. Union Popular has not shown a basis for representational standing, but instead has shown the need to introduce individualized proof to prove its claims.

## CONCLUSION

For the reasons set forth herein, the Defendants respectfully request that the Court grant their motion to dismiss.

DATED: May 12, 2016

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
RONALD S. WHITAKER, Assistant City Attorney
**ERIC BROWN**, Deputy City Attorney


By: ____*/s/ Eric Brown*_____
   ERIC BROWN
   Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES, KAREN OWENS,
and JAMILAH LINTON