**MICHAEL N. FEUER, City Attorney**
**SCOTT MARCUS, Assistant Chief City Attorney**
**ERIC BROWN, Deputy City Attorney (SBN 170410)**
**200 North Main Street, Room 675**
**Los Angeles, California 90012**
**Telephone: (213) 978-7508**
**Facsimile: (213) 978-7011**
**Eric.Brown@lacity.org**

**Attorneys for Defendants**
**CITY OF LOS ANGELES and JAMILAH LINTON**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELIANO SANTIAGO, an individual; WENDY PULUC, an individual; and UNION POPULAR DE VENDEDORES AMBULANTES, an unincorporated association,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, FASHION DISTRICT BUSINESS IMPROVEMENT DISTRICT, DOWNTOWN LOS ANGELES PROPERTY OWNERS ASSOCIATION, INC., and OFFICER LINTON in her individual capacity;<br><br>Defendants. | CASE NO.: 2:15-cv-08444-BRO-E<br>[*Assigned to the Honorable Beverly Reid O'Connel, Courtroom 14*]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>[F.R.Civ.P 12(b)(6)]<br><br>Date:  November 21, 2016<br>Time:  1:30 p.m.<br>Place:  Courtroom 14<br><br>*Meet and confer under L.R. 7-3 conducted on September 19, 2016* |

1

**DEFENDANTS' MOTION TO DISMISS COMPLAINT FAC**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

General Authority for a Motion to Dismiss Argument .................................................. 2

Argument .......................................................................................................................... 3

I.     Union Popular cannot have standing as a representational plaintiff Because the claims of its members are "individual" by their nature ...................................................................................................................... 3

II.    Plaintiffs have not stated a claim for due process on the facts alleged ........................................................................................................... 4

CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal ("Iqbal")*,
  556 U.S. 662, 129 S.Ct. 1937, 176 L.Ed.2d 868 (2009) .......................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......................................... 2

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229,
  81 L.Ed.2d 59 (1984) .............................................................................................. 2

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ............................................................... 5

*Hunt v. Washington State Apple Advertising Commission*,
  432 U.S. 333 (1977) ................................................................................................ 3

*Keniston v. Roberts*, 717 F.2d 1295, 1299 (9th Cir. 1983) ........................................... 5

*Lavan v. City of Los Angeles*,
  693 F.3d 1022 (2012) .............................................................................................. 3

*Maertin v. Armstrong World Industries, Inc.*,
  241 F.Supp.2d 434 (D.N.J. 2002) ........................................................................... 2

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................. 2

*People v. Superior Court (McGraw)*, 100 Cal. App. 3d 154 (1979) ........................... 4

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (N.D. Cal. 1984) ............................................................................... 2

*Schuylkill Energy Resources v. PP & L*, 113 F.3d 405,
  417 (3d Cir.1997) ................................................................................................... 2

*Silva v. Macauley*, 135 Cal. App. 249, 253 (1933) ...................................................... 5

*United Food & Commercial Workers Union Local 751 v. Brown Group*,
  517 U.S. 544 (1996) ................................................................................................ 4

**California Statutes**

Cal. Civ. Proc. Code § 340 ................................................................................... 5

Cal. H & S Code § 114297 ................................................................................... 3


**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on November 21, 2016 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 14 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, 90012, the Defendants will move as follows:

1) To dismiss the complaint as brought by UNION POPULAR DE VENDEDORES AMBULANTES ("Union Popular"), because Union Popular does not meet the test for representational standing on the facts pleaded here.

2) To dismiss the second cause of action for "Right to Due Process of Law," on the grounds that an adequate process is provided under state law, such that federal intervention under the Constitution is not required to provide Plaintiffs a remedy.

This motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: October 11, 2016          MICHAEL N. FEUER, City Attorney
                                 SCOTT MARCUS, Asst. Chief City Attorney
                                 **ERIC BROWN,** Deputy City Attorney


                                 By: _____*/s/ Eric Brown*_____
                                        ERIC BROWN
                                        Deputy City Attorney

                                 Attorneys for Defendants
                                 CITY OF LOS ANGELES and JAMILAH LINTON

1

**DEFENDANTS' MOTION TO DISMISS FAC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### General Authority for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) standard, "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (N.D. Cal. 1984).

> "Although this Court must for the purposes of a Rule 12(b)(6) motion read the complaint indulgently, the Court is not required to accept as true unsupported conclusions and unwarranted inferences. *Schuylkill Energy Resources v. PP & L,* 113 F.3d 405, 417 (3d Cir.1997). There must be an actual, actionable claim underlying the complaint's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)."

*Maertin v. Armstrong World Industries, Inc.*, 241 F.Supp.2d 434, 450 (D.N.J. 2002).

A complaint must assert more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662, 678, 129 S.Ct. 1937, 176 L.Ed.2d 868 (2009). The allegations must demonstrate that a claim has "facial plausibility." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "bare assertions" or "a formulaic recitation of the elements" of a cause of action will not survive a motion to dismiss. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**Argument**

## I. Union Popular cannot have standing as a representational plaintiff, because the claims of its members are "individual" by their nature.

Plaintiffs rely on *Lavan v. City of Los Angeles*, 11-CV-11-02874 as the basis for claiming their rights have been violated. Complaint ¶ 33. That case resulted in the published decision of *Lavan v. City of Los Angeles*, 693 F.3d 1022 (2012). Plaintiffs plead that the seizure of their carts was not pursuant to a warrant, and was not performed in order to obtain evidence of a crime. Complaint ¶¶ 30-31. But *Lavan* allowed property to be seized for additional reasons: if it was abandoned, if it posed an immediate threat to health or safety, and if it was contraband. 693 F.3d at 1026.

Plaintiffs do not plead that the in every instance in the complaint in which a member of Union Popular complains of a seizure, the property was not abandoned, did not pose an immediate threat to health or safety, and was not contraband. Simply proving that each member operated its carts in basic compliance with the California Retail Food Act ("the Health Code") would require individualized proof. *See*, *e.g.*, Cal. H. & S. Code § 114297 ("mobile food unit" must be stored daily in a manner that protects it from contamination). In fact, Union Popular does not plead a plethora of facts that would be necessary to make the seizures per se unlawful: that the members' food containers were enclosed from the elements; that their food carts were of such design that they guarded against the infiltration of hairs from humans and animals, or invasion by insects; that their food items on the offensive ground of the Fashion District; and in general that the vendors complied with the health laws in such a manner that there could be no grounds for seizure and destruction of the carts and equipment. Even pleading those allegations would underscore the numerous facts necessary to establish each individual union member's alleged harm.

An organizational plaintiff cannot stand in place of its members in a representative capacity if either the claim or the relief requested would require that the members participate individually. *Hunt v. Washington State Apple Advertising*

*Commission,* 432 U.S. 333, 343 (1977), abrogated as to mass layoffs *United Food & Commercial Workers Union Local 751 v. Brown Group,* 517 U.S. 544 (1996). Here, whether or not members of Union Popular were in compliance with the Health Code such as to justify retention and/or return of their property would require individualized proof.

Plaintiffs also assert that Union Popular has standing in its own right, as it has had to expend its own resources to help its membership attempt to retrieve their property. But once again, whether or not its alleged efforts on behalf of its membership were justifiable, or undertaken speculatively and gratuitously for persons who had no realistic chance of receiving their property back, will depend on individualized proof of whether the members had complied with the Health Code, and did not violate it so egregiously that seizure and/or destruction of the property was justified. Union Popular has not shown a basis for representational standing, but instead has shown the need to introduce individualized proof to prove its claims.

## II. Plaintiffs have not stated a claim for due process on the facts alleged.

Plaintiffs do not plead that all of the property seized was clean or at least uncontaminated by direct contact with or close proximity to the hazardous materials common on a Fashion District street – feces, rats droppings, maggots, blood, etc. – such that the property did not pose an immediate hazard to health. Plaintiffs only plead that their property was seized. But "the People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not." *People v. Superior Court (McGraw),* 100 Cal. App. 3d 154 (1979).

If Plaintiffs do not have the facts to allege that the seizure itself is the problem, then state law processes provide the remedy for any wrongful destruction of property that is not an immediate threat to health or safety. California law recognizes an action for claim and delivery, also known as replevin: "A person whose property is illegally seized may replevy the same from the officer seizing it, or, if it has been destroyed,

he may have an action for its value." *Silva v. Macauley*, 135 Cal. App. 249, 253 (1933) (internal quotes omitted); Cal. Civ. Proc. Code § 340.

Intentional destruction of property by a government employee does not violate federal due process under the Fifth Amendment if the state provides a remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Keniston v. Roberts*, 717 F.2d 1295, 1299 (9th Cir. 1983) (applying the state remedy defense outside of the prisoner context, but declining to decide it at that time). Because the Fourteenth Amendment makes due process applicable to the states, but because a state process already exists, the need for Constitutional intervention is not implicated on these facts. The Second Cause of Action should be dismissed.

## CONCLUSION

For the reasons set forth herein, the Defendants respectfully request that the Court grant their motion to dismiss.

DATED: October 11, 2016
MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Assistant Chief City Attorney
**ERIC BROWN**, Deputy City Attorney

By: ____/s/ Eric Brown_____
ERIC BROWN
Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES and JAMILAH LINTON