| | |
|---|---|
| 1 | **MICHAEL N. FEUER, City Attorney** |
| 2 | **SCOTT MARCUS, Assistant Chief City Attorney** |
|   | **ERIC BROWN, Deputy City Attorney (SBN 170410)** |
| 3 | **200 North Main Street, Room 675** |
| 4 | **Los Angeles, California 90012** |
|   | **Telephone: (213) 978-7508** |
| 5 | **Facsimile: (213) 978-7011** |
| 6 | **Eric.Brown@lacity.org** |
| 7 | **Attorneys for Defendants** |
| 8 | **CITY OF LOS ANGELES and JAMILAH LINTON** |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELIANO SANTIAGO, an individual; WENDY PULUC, an individual; and UNION POPULAR DE VENDEDORES AMBULANTES, an unincorporated association, | CASE NO.:  2:15-cv-08444-BRO-E [*Assigned to the Honorable Beverly Reid O'Connel, Courtroom 14*] |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE MATTER FROM THE FIRST AMENDED COMPLAINT [F.R.Civ.P 12(f)]** |
| vs. | |
| CITY OF LOS ANGELES, FASHION DISTRICT BUSINESS IMPROVEMENT DISTRICT, DOWNTOWN LOS ANGELES PROPERTY OWNERS ASSOCIATION, INC., and OFFICER LINTON in her individual capacity; | Date:  November 21, 2016 Time:  1:30 p.m. Place:  Courtroom 14 *Meet and confer under L.R. 7-3 conducted on September 19, 2016* |
| Defendants. | |

1

**DEFENDANTS' MOTION TO STRIKE MATTER FROM THE FAC**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 2

General Authority for a Motion to Strike ................................................................ 2

Argument.................................................................................................................. 2

CONCLUSION ........................................................................................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Fantasy, Inc. v. Fogerty*,
　984 F.2d 1524 (9th Cir. 1993) *reversed on unrelated ground Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................................... 2

**Other Authorities**

F. R. Civ. P. 12(f) ................................................................................................. 2

*Rutter Group Practice Guide: Federal Civil Procedure Before Trial*,
　§§ 9:385, 9:387 (The Rutter Group 2016) ............................................... 2

**Other State Statutes**

L.A. Muni. Code § 42.00(b) ................................................................................ 2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on November 21, 2016 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 14 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, 90012, the Defendants will move to strike from the first amended complaint ("FAC") the following allegations:

1) ¶ 9, p. 3, ll. 19-22: "Each time his property is confiscated, it creates a financial hardship for him and his family, who depend on Mr. Santiago to provide for them, pay rent and bills, and contribute to his daughter's college tuition."

2) ¶ 10, p. 3, ll. 27-28: "She relies on her income to support herself and her two children."

This motion is made on the grounds that the quoted lines are immaterial and impertinent, because the plaintiffs cannot recover money earned from illegal activity.

This motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: October 11, 2016      MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Asst. Chief City Attorney
**ERIC BROWN,** Deputy City Attorney


By: _____*/s/ Eric Brown*_____
ERIC BROWN
Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES and JAMILAH LINTON

1
**DEFENDANTS' MOTION TO STRIKE MATTER FROM THE FAC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### General Authority for a Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F. R. Civ. P. 12(f). "Immaterial" or "impertinent" are defined to include matter which has no bearing on the controversy, and which could not be admitted into evidence. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *reversed on unrelated ground* *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994); Wagstaffe et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, §§ 9:385, 9:387 (The Rutter Group 2016).

### Argument

Both individual plaintiffs allege that they depend on their illegal vending sales for income. See FAC ¶¶ 9-10. Santiago alleges, "Each time his property is confiscated, it creates a financial hardship for him and his family, who depend on Mr. Santiago to provide for them, pay rent and bills, and contribute to his daughter's college tuition." *Id*. ¶ 9. Puluc alleges, "She relies on her income to support herself and her two children." *Id*. ¶ 10. This type of allegation is entirely separate from the gist of the first amended complaint, which seeks recovery because the plaintiffs purportedly had their property illegally seized.

This allegation cannot be a basis for recovery by the plaintiffs. Selling food products without a license is illegal in Los Angeles. L.A. Muni. Code § 42.00(b). The plaintiffs are no more capable of alleging lost income because their sales were prevented than could a ticket scalper, or a dealer of $10 bags of marijuana, or a human trafficker. All persons doing business illegally do so for the income; but allowing recovery for the fruits of the illegal activity is not appropriate in a civil lawsuit.

The plaintiffs cannot use the allegation that they depend on the income from

illegal activity to prove damages against the defendants. Accordingly, the statements of the plaintiffs that they rely on the sales of illegally sold products are inappropriate and should be stricken.

## CONCLUSION

For the reasons set forth herein, the Defendants respectfully request that the Court grant their motion to strike.

DATED: October 11, 2016   MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Assistant Chief City Attorney
**ERIC BROWN**, Deputy City Attorney


By: ____/s/ Eric Brown_____
ERIC BROWN
Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES and JAMILAH LINTON

**DEFENDANTS' MOTION TO STRIKE MATTER FROM THE FAC**