SHAYLA R. MYERS (264054)
MATTHEW CLARK (233736)
CLAUDIA MENJIVAR (291981)
**LEGAL AID FOUNDATION
OF LOS ANGELES** 7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983
Fax:  (213) 640-3988
E:  smyers@lafla.org

**Attorneys for Union Popular de Vendedores Ambulantes**
*Additional Counsel on Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELLIANO SANTIAGO, ET AL., <br><br> Plaintiff(s), <br><br> vs. <br><br> CITY OF LOS ANGELES, ET AL., <br><br> Defendant(s). | CASE NO. 2:15-cv-08444 BRO (Ex) <br><br> Hon. Beverly Reid-O'Connell <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO STRIKE MATTERS FROM THE FIRST AMENDED COMPLAINT <br><br> Date:   November 21, 2016 <br> Time:   1:30 p.m. <br> Place:   Courtroom 14 |

MICHAEL KAUFMAN (254575)
JENNIFER PASQUARELLA (263241)
PETER BIBRING (223981)
**ACLU FOUNDATION OF**
**SOUTHERN CALIFORNIA**
1313 West 8th Street
Los Angeles, California 90017
Tel: (213) 977-5232  Fax: (213) 417-2232
E. mkaufman@aclusocal.org

**Attorneys for Union Popular de Vendedores Ambulantes**

CAROL A. SOBEL  (SBN 84483)
**NATIONAL LAWYERS GUILD – LA**
3110 Main Street, Suite 210
Santa Monica, CA 90405
Tel: 310 393 3055
E: carolsobel@aol.com

CYNTHIA ANDERSON-BARKER (SBN 175764)
**NATIONAL LAWYERS GUILD – LA**
3435 Wilshire Blvd # 2910
Los Angeles, CA 90010
Tel: 213 381-3246  Fax: 213 252-0091
E: cablaw@hotmail.com

PAUL L. HOFFMAN (SBN 71244)
CATHERINE SWEETSER  (SBN 271142)
COLLEEN M. MULLEN  (SBN 299058)
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN**
723 Ocean Front Walk
Venice, California 90291
Tel: 310 396-0731  Fax: 310 399-7040
E. hoffpaul@aol.com
E. catherine.sdshhh@gmail.com

**Attorneys for All Plaintiffs**

## I.    INTRODUCTION

Defendants filed a Motion to Strike two statements from Plaintiffs' First Amended Complaint:

> 1) ¶ 9, p. 3, ll. 19-22: "Each time his property is confiscated, it creates a financial hardship for him and his family, who depend on Mr. Santiago to provide for them, pay rent and bills, and contribute to his daughter's college tuition."

> 2) ¶ 10, p. 3, ll. 27-28: "She relies on her income to support herself and her two children."

Defendants argue that the statements are immaterial and impertinent because Plaintiffs are prohibited from seeking lost income resulting from illegal street vending. However, Plaintiffs make no claim for lost income.  They seek only damages for the loss and destruction of property without either pre- or post-deprivation due process.  Because there is no claim for lost income, the sole basis upon which the City Defendants' motion is made, there is no ground to strike these two sentences, and the motion should be denied.

## II.    THE STANDARD ON A MOTION TO STRIKE

Motions to strike should only be granted when the material to be struck is redundant, immaterial, impertinent, or scandalous, and when the moving party can show that it will suffer prejudice from the objectionable language.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. Rule Civ. Pro. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  "It is generally accepted that motions to strike are not granted freely and courts are cautious about disturbing the pleadings unless such action is clearly warranted, and where harm will be suffered by the adverse party." *Wilson v.*

*Wal-Mart Stores*, 2005 U.S. Dist. LEXIS 40099, *3, 05 CV1216 BEN (S.D. Cal. 2005) (internal citation omitted).  *See also Alco Pacific*, 217 F. Supp. 2d at 1033 (showing of prejudice by moving party often required before granting motion to strike).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). "[I]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied . . ." *Wailua Assocs. v. Aetna Casualty and Surety Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998).

The decision to grant or deny a motion lies within the sound discretion of the district court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party. Ultimately, the court "resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in [the non-moving party's] favor." *Id.* This is particularly true if the moving party fails to demonstrate sufficient prejudice. *Alco Pacific,* 217 F. Supp. 2d at 1033.

## III.   DEFENDANTS FAIL TO SUPPORT STRIKING THE TWO CHALLENGED SENTENCES

Defendants have failed to meet their burden to show that the challenged statements are immaterial or impertinent, or that they will suffer ***any*** prejudice as a result of their inclusion in the First Amended Complaint.   Defendants argue that the challenged statements are immaterial and impertinent because plaintiffs cannot

recover lost earnings resulting from alleged illegal street vending and therefore cannot use the allegations to prove damages against the defendants.  Defendant's Motion to Strike, Pgs 2-3.[1]  This argument rests on the erroneous assertion that Plaintiffs claim damages for lost earnings.  There is no such claim in the First Amended Complaint.

There is, however, a claim for damages based on the loss of the Plaintiffs' personal property.  The gravamen of Plaintiffs' due process claim is that the Defendants may not impose street justice and short-circuit due process guarantees in the Constitution and codified in their own policies regarding seizure and maintenance of property, including property taken as evidence.  First Amended Complaint (FAC) ¶¶28-33.  Moreover, because the property in question includes items that are not contraband and can be used for lawful purposes—e.g., umbrellas, carts, kitchen utensils, carts, tableware—Defendants' seizure of the property without due process prohibits the individual plaintiffs from using it for lawful purposes.  Therefore, information regarding Plaintiffs' financial hardships that result from Defendants' illegal seizures is unquestionably relevant to their claims.

It is immaterial to Plaintiffs' entitlement to due process that Defendants allege the Plaintiffs were using the items in violation of a municipal ordinance.  *See Lavan v. City of Los Angeles,* 693 F.3d 1022, 1032 (9th Cir. 2012).  And even if the property were actual contraband, the seizure of it would still be subject to Fourth Amendment analysis.  *See United States v. Jacobsen*, 466 U.S. 109, 124-25 (1984) ("by destroying a quantity of the [seized cocaine, the government] converted what had been only a temporary deprivation of possessory interests into

---

[1] Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Whittlestone*, 618 F.3d at 973.  Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

a permanent one."); *Maldonado v. Fontanes*, 568 F.3d 263, 270 (1st Cir. 2009) (tenants of public housing project had a property interest in their pets under the Fourth and Fourteenth Amendments even when in violation of promulgated municipal policy forbidding pets).  Thus, even if Plaintiffs are alleged to have violated Los Angeles Municipal Code Section 42.00(b), that does not lessen their interest in their property or obviate the due process protections required.

Moreover, Defendants have not and cannot show any prejudice from the inclusion of the two challenged sentences in the First Amended Complaint. This alone is fatal to their Motion. See *Alco Pacific*, 217 F. Supp. 2d at 1033.

## IV.    CONCLUSION

Defendants do not attempt to make any showing of prejudice or meet their very high burden of demonstrating that the paragraphs add nothing to Plaintiffs' claims. Therefore, this Court should deny Defendants' motion to strike.

Dated: October 24, 2016        ACLU of Southern California
                               Legal Aid Foundation of Los Angeles
                               National Lawyers Guild-Los Angeles
                               Schonbrun Seplow Harris & Hoffman, LLP

                               By: ___/s_____
                               Shayla Myers
                               Attorneys for Plaintiffs