SHAYLA R. MYERS (264054)
smyers@lafla.org
MATTHEW CLARK (233736)
mclark@lafla.org
CLAUDIA MENJIVAR (291981)
cmenjivar@lafla.org
**LEGAL AID FOUNDATION**
**OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983
Fax:   (213) 640-3988
Attorneys for Union Popular de Vendedores Ambulantes
*Additional Counsel on Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELLIANO SANTIAGO, ET AL.,<br><br>          Plaintiff(s),<br><br>    vs.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>          Defendant(s). | CASE NO. 2:15-cv-08444 BRO (Ex)<br><br>Hon. Beverly Reid-O'Connell<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   November 21, 2016<br>Time:   1:30 p.m.<br>Place:  Courtroom 7C |

i

MICHAEL KAUFMAN (254575)
mkaufman@aclusocal.org
JENNIFER PASQUARELLA (263241)
PETER BIBRING (223981)
**ACLU FOUNDATION OF
SOUTHERN CALIFORNIA**
1313 West 8th Street
Los Angeles, California 90017
Tel: (213) 977-5232
Fax: (213) 417-2232

CAROL A. SOBEL (SBN 84483)
**NATIONAL LAWYERS GUILD – LA**
3110 Main Street, Suite 210
Santa Monica, CA 90405
Tel: 310 393 3055
Fax: 310 451-3858
E: carolsobel@aol.com

CYNTHIA ANDERSON-BARKER (SBN 175764)
**NATIONAL LAWYERS GUILD – LA**
3435 Wilshire Blvd # 2910
Los Angeles, CA 90010
Tel: 213 381-3246
Fax: 213 252-0091
E: cablaw@hotmail.com

PAUL L. HOFFMAN (SBN 71244)
CATHERINE SWEETSER (SBN 271142)
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN**
723 Ocean Front Walk
Venice, California 90291
Tel: 310 396-0731
Fax: 310 399-7040
E. hoffpaul@aol.com
E. catherine.sdshhh@gmail.com

ii

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  STANDARD FOR A MOTION TO DISMISS..............................................1

III. ARGUMENT ......................................................................................2

   a.   Plaintiff Unión Has Standing To Bring This Lawsuit................................... 2

     i.   Unión has standing to seek injunctive and declaratory relief on behalf of its members ....................................................................................... 3

     ii.   Plaintiff has sufficiently alleged injury to bring claims on its own behalf .. 6

   b.   Plaintiffs Have Sufficiently Alleged Facts To State A Claim For Violations Of Their Constitutional Right To Due Process ..................................................... 7

     i.   Plaintiffs retain a protectable property interest in their belongings, even if the City alleges they broke the law.................................................................... 7

     ii.   The existence of a replevin statute under California law does not eliminate Plaintiffs' constitutional right to due process ...................................................10

IV. CONCLUSION ..................................................................................13

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1
2

# TABLE OF AUTHORITIES

3

Federal Cases

4

*Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*,

5

627 F.3d 547 (5th Cir. 2010) ................................................................. 5

6

*Ashcroft v. Iqbal*,

7

556 U.S. 662 (2009) .................................................................. 1, 2,

8

*Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.*,

159 F.3d 1178 (9th Cir.1998) ............................................................ 4

9

*Barker v. Riverside Cnty. Office of Ed.*,

10

584 F.3d 821 (9th Cir. 2009) ............................................................. 2

11

*Cahill v. Liberty Mutual Ins. Co.*,

80 F.3d 336 (9th Cir. 1996) .............................................................. 2

12

13

*City of Los Angeles v. Lavan*,

133 S.Ct. 2855 (2013) .............................................................. 9, 13

14

*Columbia Basin Apartment Ass'n v. City of Pasco*,

15

268 F.3d 791 (9th Cir. 2001) ............................................................ 5

16

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,

17

57 F.3d 936 (9th Cir. 2011) ............................................................. 6

18

*Conner v. City of Santa Ana*,

897 F. 2d 1487 (9th Cir. 1990) ...................................................... 13

19

*Daniels v. Williams*,

20

74 U.S. 327 (1986) ....................................................................... 11

21

*DeSoto v. Yellow Freight Sys., Inc.*,

22

957 F.2d 655 (9th Cir. 1992) ........................................................... 2

23

*Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*,

666 F.3d 1216 (9th Cir. 2012) .......................................................... 6

24

25

*Fair Hous. of Marin v. Combs*,

285 F.3d 899 (9th Cir.2002) ............................................................ 6

26

*Harlow v. Fitzgerald*,

27

457 U.S. 800 (1982) ...................................................................... 2

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

*Heartland Acad. Cmty. Church v. Waddle*,
427 F.3d 525 (8th Cir. 2005)...................................................................5, 9

*Hosp. Council of W. Pennsylvania v. City of Pittsburgh*,
949 F.2d 83 (3d Cir. 1991) ......................................................................... 5

*Huemmer v. Mayor of Ocean City*,
632 F.2d 371 (4th Cir. 1980) ...................................................................... 9

*Hudson v. Palmer*,
468 U.S. 517 (1984)......................................................................11, 12, 13

*Hunt v. Washington State Apple Advertising Commission*,
432 U.S. 333 (1977)..............................................................................3, 4, 6

*Johnson v. City of Shelby, Miss.*,
135 S.Ct. 346 (2014) ................................................................................. 8

*Lavan v. City of Los Angeles*,
693 F.3d 1022 (9th Cir. 2012) ................................................................9. 13

*Lavan v. City of Los Angeles*,
797 F. Supp. 2d 1005 (C.D. CAl. 2011) ....................................................13

*Lawrence v. Reed*,
406 F.3d 1224 (10th Cir. 2005) ................................................................. 9

*Maldonado v. Fontanes*,
568 F.3d 263 (1st Cir. 2009) ..................................................................... 9

*Mathews v. Eldridge*,
424 U.S. 319 (1976)...............................................................................9, 10

*Mattias v. Bingley*,
906 F.2d 1047 *amended* 915 F.2d 946 (5th Cir. 1990) .......................9, 12

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)..................................................................... 4

Mitchell v. City of Los Angeles,
2:16-cv-01750-SJO-JPR ....................................................................11,13

*Mitchell v. Fankhauser*,
375 F.3d 477 (6th Cir. 2004).....................................................................12

*Nat'l Assoc. for the Advancement of Colored People  v. Alabama*,
357 U.S. 449 (1958)................................................................................... 6

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Nat'l Ass'n for Advancement of Colored People v. Ameriquest Mortg. Co.,*
635 F. Supp. 2d 1096, 1099, 1103 (C.D. Cal. 2009)................................................. 5

*Parratt v. Taylor,*
451 U.S. 527 (1981).............................................................................. 11, 12, 13

*Piatt v. MacDougall,*
773 F.2d 1032 (9th Cir. 1985)..............................................................................12

*Quick v. Jones,*
754 F.2d 1521(9th Cir. 1985)..............................................................................12

*Retired Chicago Police Ass'n v. City of Chicago,*
7 F.3d 584 (7th Cir.1993)................................................................................5, 6

*Sateriale v. R.J. Reynolds Tobacco Co.,*
697 F.3d 777 (9th Cir. 2012) ................................................................................ 8

*Scheuer v. Rhodes,*
416 U.S. 232 (1974).................................................................................................. 2

*United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.,*
517 U.S. 544 (1996)............................................................................................3, 4

*Warth v. Seldin,*
422 U.S. 490 (1975).................................................................................................. 4

*Zimmerman v. City of Oakland,*
255 F.3d 734 (9th Cir. 2001)................................................................... 11,12, 13

*Zinermon v. Burch,*
494 U.S. 113 (1990)..................................................................... 11, 12, 13

Federal Rules of Civil Procedure

Fed. R. Civ. P. 8(a)(2) ................................................................................1, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2

United State Constitution

U.S. CONST., AMEND. 14 ................................................................................7,10

U.S. CONST., ART. VI, SEC. 2 ................................................................................10

State Court Cases

*People v. Superior Court (McGraw),*
100 Cal. App. 3d 154 (1979)................................................................9, 10

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiffs are two street vendors and Unión Popular de Vendedores Ambulantes (Unión), an organization of street vendors that fights for fair and equal treatment of its members in Los Angeles.  Collectively, they have brought this action to put an end to the City of Los Angeles and Fashion District Business Improvement District's illegal practice of seizing and destroying street vendors' property.  Plaintiffs allege that the City, through the Los Angeles Police Department (LAPD), and the Fashion District Business Improvement District (FDBID) seize and summarily destroy their belongings, without affording the vendors any opportunity to challenge the seizures or any opportunity to get their property back.  First Amended Complaint (FAC) ¶¶ 17-33. These practices are wide-spread throughout the Fashion District in Downtown Los Angeles and are part of a practice and custom of the FDBID acting in concert with the LAPD, or at a minimum, the actions taken by specific FDBID officers was done with the knowledge and consent of the LAPD. *Id.*

In its motion to dismiss, Defendants City and Jamilah Linton (collectively, City Defendants) contend that Unión does not have standing to maintain its claims for injunctive and declaratory relief, and that Plaintiffs have not stated a claim for violations of their rights to due process.  None of these arguments have merit. Well-established authority makes clear that Unión has standing to bring this case, and that Plaintiffs have more than adequately pled a violation of their rights to due process.

## II.   STANDARD FOR A MOTION TO DISMISS

Plaintiffs are required to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  That "short and plain statement" must proffer enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

The defendant bringing a motion to dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure bears the burden of demonstrating that no set of facts exist upon which relief can be granted. *See* Fed. R. Civ. Pro. 12(b)(6). Moreover, a motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *Iqbal*, 556 U.S. at 678; *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

In deciding a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiffs and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

## III.   ARGUMENT

City Defendants' arguments that the Plaintiff Unión lacks standing and that Plaintiffs have failed to state a claim for a violation of their due process are without merit, and both rest on significant factual disputes that further demonstrate that a motion to dismiss is inappropriate in this case.

### a.  Plaintiff Unión Has Standing To Bring This Lawsuit

City Defendants challenge Plaintiff Unión's standing to participate in this litigation, arguing both that Unión cannot represent its members and that it cannot bring this case based on its own injury.

### i.    Unión has standing to seek injunctive and declaratory relief on behalf of its members

City Defendants assert that Unión cannot maintain its claims for injunctive and declaratory relief because they require individual member participation, citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977). Mot. 3. Defendants' arguments fundamentally misunderstand *Hunt* and Unión's claims.

In *Hunt*, the Supreme Court held that an organization can establish "associational standing" to bring claims on behalf of its members where: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." 432 U.S. at 343.

City Defendants do not dispute that Unión meets the first two prongs of the *Hunt* test. While these two prongs arise from Article III, the third prong—which Defendants do dispute—"is best seen as focusing on these matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution." *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 557 (1996). Thus, "once an association has satisfied *Hunt*'s first and second prongs assuring adversarial vigor in pursuing a claim for which member Article III standing exists, it is difficult to see a constitutional necessity for anything more." *Id.* at 556.

The City has failed to justify why prudential considerations counsel against Union's standing.   Plaintiff Unión challenges the City's policy, practice and custom of seizing and destroying its members' belongings without due process. FAC ¶¶ 46-60.  Unión seeks equitable relief that will apply uniformly to its members: a declaration and injunction specifying when and how the City can seize and store vendors' property.  FAC at Pg. 15 (Prayer for Relief).  Therefore neither

3

Unión's claims nor requested relief will "make the individual participation of each injured party indispensable to proper resolution of the cause." *Hunt*, 432 U.S. at 342-43 (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)).

The City claims that "whether or not members of Union Popular were in compliance with the Health Code such as to justify retention and/or return of their property would require individualized proof." Defendant's Motion to Dismiss ("Mot."), Pg. 4. However, vendors do not need to establish compliance with the Health Code to maintain their claims that the City has an illegal practice of seizing their property, without providing any post-deprivation process by which they can retrieve it. *See infra* Section II.b. To the extent the City argues that such a policy does not exist and, instead, that the City seized the belongings because of violations of the Health and Safety code or other reasons, this issue goes to the merits of Plaintiffs' claims, and is inappropriate for purposes of the Standing analysis. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Accordingly, Unión's claims do not require the type of individual participation which courts have found defeat associational standing. *Hunt*'s third prong primarily forecloses damages claims, which required individualized proof of damages from "each injured party," and not to claims for injunctive and declaratory relief. *See, e.g. United Food & Commercial Workers Union Local 751, 517 U.S. at 554* (*Hunt* and its progeny "have been understood to preclude associational standing when an organization seeks damages on behalf of its members"); *Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.*, 159 F.3d 1178, 1181 (9th Cir.1998) ("Individualized proof from the members is not needed where, as here, declaratory and injunctive relief is sought rather than monetary damages."). Here, Unión seeks only declaratory and injunctive relief, not damages, on behalf of its members. *See* FAC at 12-15.

While Unión's equitable claims will require some individual member participation to establish the City's practice of illegal confiscations, "an association

4

may assert a claim that requires participation by some members." *Hosp. Council of W. Pennsylvania v. City of Pittsburgh*, 949 F.2d 83, 89 (3d Cir. 1991) (emphasis in original).  As then-Judge Alito explained in case concerning an organization's challenge to a pattern of alleged government misconduct:

> This case . . . does not involve a challenge to a statute, regulation, or ordinance, but instead involves a challenge to alleged practices that would probably have to be proven by evidence regarding the manner in which the defendants treated individual member hospitals. Adjudication of such claims would likely require that member hospitals provide discovery, and trial testimony by officers and employees of member hospitals might be needed as well. Nevertheless, since participation by "each [allegedly] injured party" would not be necessary, we see no ground for denying associational standing.

*Id.* at 89–90. *Accord Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 552 (5th Cir. 2010); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 603 (7th Cir.1993) ("We can discern no indication . . . that the Supreme Court intended to limit representational standing to cases in which it would not be necessary to take any evidence from individual members of an association.").

For these reasons, courts—including this one—have found that an organization has standing to maintain claims seeking prospective relief to end a pattern of constitutional and statutory violations against its members. *See, e.g.,* *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 798–99 (9th Cir. 2001) (Apartment association and tenant organization have standing to challenge a city policy on ground that it violated its members' Fourth Amendment rights); *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 532–33 (8th Cir. 2005) (organization has standing to bring Fourth Amendment and due process challenge to the removal of students from a boarding school)*; Nat'l Ass'n for Advancement of Colored People v. Ameriquest Mortg. Co.*, 635 F. Supp. 2d 1096, 1099, 1103 (C.D. Cal. 2009)*, as amended* (Jan. 13, 2009) (organization has standing to challenge discriminatory lending practices under 42 U.S.C. § 1981).  As in these cases,

Unión's equitable claims and requested relief will "inure to the benefit of the members actually injured" and therefore satisfy *Hunt*'s third prong.  *Retired Chicago Police Ass'n*, 7 F.3d at 602.

### ii.    Plaintiff has sufficiently alleged injury to bring claims on its own behalf

The City also argues that Unión lacks standing to bring claims on its own behalf because the claims purportedly require individual member participation. Mot. Pg. 4.  This makes no sense.  Unión has standing to bring claims in its own right because of the injuries the organization has suffered, not because of its members' injuries.  *See Nat'l Assoc. for the Advancement of Colored People  v. Alabama*, 357 U.S. 449, 459-60 (1958).  Unsurprisingly, the City has failed to identify any authority applying the *Hunt* test to claims brought on behalf of an organization itself.  By contrast, a wealth of authority recognizes that an organization like Unión may maintain claims that alleged illegal activity has harmed the organization by requiring it divert its resources and frustrating its mission, regardless of whether individual members participate in the suit.  *See, e.g.*, *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) (holding that an organization has "direct standing to sue [when] it showed a drain on its resources from both a diversion of its resources and frustration of its mission.") (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 943 (9th Cir. 2011) (en banc) (same).

Because Unión has adequately pled that it has been forced divert its limited resources to address the City's practice of illegal confiscation of vendors' property, it is has standing to maintain its claims for injunctive and declaratory relief on its own behalf.  *See e.g.*, FAC ¶ 8 ("Union has had to divert limited organizational resources to help members who have been subjected to these illegal practices, including by assisting vendors to seek the return of their confiscated property and

6

by meeting with police and City and County officials to advocate for a cessation of these enforcement practices. As a result of these ongoing practices, Unión is forced to spend time and resources on addressing these confiscations, rather than dedicating the time and resources to furthering other aspects of its organizational mission, such as the legalization campaign and holding educational events.").

### b.  Plaintiffs Have Sufficiently Alleged Facts To State A Claim For Violations Of Their Constitutional Right To Due Process

City Defendants appear to challenge the sufficiency of Plaintiffs' claim of due process violations on two grounds.  First, Defendants suggest that because Plaintiffs do not plead that they complied with all state laws while vending, Defendants had a right to seize and summarily destroy Plaintiffs' belongings. Second, Defendants contend that the seizure and destruction of the belongings cannot give rise to a constitutional violation because California law provides for a legal action for replevin.  These arguments misunderstand Plaintiffs' claims and the Fourteenth Amendment prohibitions on unreasonable seizures and deprivations of property without due process of law.  U.S. CONST., AMEND. 14.

### i.    Plaintiffs retain a protectable property interest in their belongings, even if the City alleges they broke the law

City Defendants appear to suggest that Plaintiffs have failed to state a claim for a violation of their due process because Plaintiffs did not allege that the items seized and destroyed by the LAPD were "clean or at least uncontaminated by direct contact with or close proximity to the hazardous materials common on a Fashion District street."  Mot. Pg. 4.  Rule 8(a)(2) of the Federal Rules of Civil Procedure does not require that Plaintiffs plead every negative offered by Defendants to justify its actions, in order to survive a motion to dismiss.  Fed. R. Civ. Pro. 8(a)(2).  It requires only that Plaintiffs provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and from these allegations, the Court "[c]onstru[es] the complaint in the light most favorable to the

1    plaintiffs, and draw[s] all reasonable inferences from the complaint in the

2    plaintiffs' favor." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 787 (9th

3    Cir. 2012) (internal citations omitted).

4         Plaintiffs allege that the Defendants seized property—such as dollies,

5    umbrellas, utensils, and carts— and summarily destroyed them, without any notice

6    of the seizures, and without any opportunity to contest the seizures.  Plaintiffs

7    further allege that these actions were taken pursuant to a policy, practice or custom

8    of the LAPD and the Fashion District BID to seize street vendors' property and to

9    summarily destroy the property without any post-deprivation due process. *See e.g.,*

10   FAC, ¶¶ 4, 5, 6, 22-30.  Plaintiffs dispute that property is taken because it is dirty

11   or contaminated, rather than pursuant to a general policy to seize street vending

12   property, and that those bases alone would be sufficient to deprive Plaintiffs of any

13   form of post-deprivation due process.  This is a "reasonable inference" from

14   Plaintiffs' allegations, *Sateriale*, 697 F.3d at 787, and Defendants' implicit

15   suggestion that the property was taken for this reason at most creates a factual

16   dispute that cannot be resolved at the pleadings stage.  Plaintiffs have sufficiently

17   alleged that the City violated their right to due process.  The pleadings state

18   simply, clearly, and directly, the events that entitle them to the relief requested, and

19   this is sufficient to overcome a Rule 12(b)(6) motion.  *See Johnson v. City of*

20   *Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (per curium).

21        To the extent Defendants' argument implies, as a matter of law, that

22   Plaintiffs were not entitled to any due process because the items summarily seized

23   and destroyed were "unlawful to possess," Mot. Pg. 4, this is not only inaccurate,

24   but also a misunderstanding of the due process requirements of the Fourteenth

25   Amendment.  First, as a threshold matter, the items seized and destroyed were not

26   "unlawful to possess."  Plaintiffs allege that Defendants took and destroyed items

27   like shopping carts, dollies, umbrellas, and other items—ordinary items that are not

28   contraband and can be used for lawful purposes. *See* FAC ¶¶ 5, 38.

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1   Second, simply because the City Defendants allege that it is illegal to engage

2   in street vending in the areas of the City where Plaintiffs' items were taken, this

3   does not eviscerate Plaintiffs' due process rights to their possessions.  "The

4   fundamental requirement of due process is the opportunity to be heard at a

5   meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319,

6   333 (1976).  "Time and again, the Supreme Court has made clear that 'some form

7   of hearing is required before an individual is finally deprived of a property

8   interest.'"  *Lawrence v. Reed*, 406 F.3d 1224, 1233 (10th Cir. 2005).  This right

9   extends to property that the City alleges was kept or used in violation of municipal

10  or state laws.  *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir.

11  2012) *cert* denied *City of Los Angeles v. Lavan*,133 S.Ct. 2855 (2013) (seizure and

12  destruction of Plaintiffs' belongings violates due process, even though the items

13  may be left on the sidewalk in violation of a City ordinance);  *Lawrence*, 406 F.3d

14  at 1233 (denying qualified immunity defense to an officer who, pursuant to state

15  law, seized and destroyed a derelict car, because the right to a hearing before items

16  are destroyed is so clearly established that the officer should have known that the

17  law was unconstitutional); *Mattias v. Bingley*, 906 F.2d 1047, 1052, *amended* 915

18  F.2d 946 (5th Cir. 1990) (destruction without notice to owner of property seized

19  pursuant to a criminal investigation violated due process); *Huemmer v. Mayor of

20  Ocean City*, 632 F.2d 371, 372 (4th Cir. 1980) (impound ordinance that provided

21  for no hearing is "manifestly defective"); *cf. Maldonado v. Fontanes*, 568 F.3d

22  263, 270 (1st Cir. 2009) (plaintiffs had a property interest and had alleged

23  Fourteenth Amendment violation when their pets were taken and killed, even

24  though having the pets in public housing violated a municipal law).

25  *People v. Superior Court (McGraw)*, 100 Cal. App. 3d 154 (1979), cited by

26  the City Defendants does not support their argument.  The facts and procedural

27  posture are completely different and wholly distinguishable.  As an initial matter, a

28  state court decision is not controlling authority on an issue of Federal constitutional

9

law.  *See* U.S. Constitution, Art. VI, sec. 2.  Moreover, the court's reasoning in *McGraw* supports Plaintiffs' assertion that the City violated their rights by seizing and destroying their property without due process.  In *McGraw*, the Court of Appeal ruled that two defendants who had been charged and convicted of theft were not entitled to the return of the allegedly stolen property that had been seized pursuant to a search warrant without an evidentiary hearing to determine if the items were in fact stolen.  *McGraw*, 100 Cal. App. 3d. at 157.  Defendants were not deprived of the items without due process; in fact, the Court of Appeal made it clear that "if the contraband nature of seized property is in doubt, there should be an appropriate procedure for making that determination."  *Id*. at 159.  Here, there was no process afforded Plaintiffs, and their property was not taken as evidence of a crime.  Instead, it was summarily discarded.

Defendants cite no case that supports their argument that, because the City may allege that an item is "unlawful to possess," the City can seize and permanently deprive Plaintiffs of their interest in their property, without giving them a chance to contest the seizure.  This is directly contrary to the "fundamental requirements" of due process.  *Mathews*, 424 U.S. at 333.  Plaintiffs have sufficiently pled that they had a property interest in their belongings, and these belongings were seized and destroyed without any due process.  This is sufficient to state a claim for a violation of the Fourteenth Amendment.

### ii.     The existence of a replevin statute under California law does not eliminate Plaintiffs' constitutional right to due process

The City Defendants also argue that Plaintiffs have no Section 1983 claim for violations of the Fourteenth Amendment right to due process because the state of California has a replevin statute that allows Plaintiffs to sue for the recovery of items illegally seized.  The existence of such a statute is irrelevant, where, as here, Plaintiffs allege that the seizure and destruction of their belongings was intentional

10

and the result of a deliberate policy or practice of the LAPD to deprive street vendors of their belongings, without authority or due process of law.[1]

In *Hudson v. Palmer*, 468 U.S. 517 (1984), the sole case relied upon by Defendant to make this argument, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural due process requirements of the Due process Clause of the Fourteenth Amendment f a meaningful postdeprivation remedy for the loss is available." 468 U.S. at 533. The Court reasoned that, where the state cannot "anticipate and control unauthorized conduct," pre-deprivation process would be impractical, if not impossible to provide." *Id.* Therefore, post-deprivation state law remedies were sufficient. *Id.*

Since *Hudson* was handed down in 1984, the Supreme Court and numerous appellate Courts, including the Ninth Circuit, have repeatedly and explicitly made clear that the limited application of its holding in that case and its predecessor, *Parratt v. Taylor*, 451 U.S. 527 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), which stemmed from the accidental destruction of a prisoner's mail. "*Parratt* and *Hudson* represent a special case of the general *Mathews v. Eldridge* analysis, in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could provide." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). The application of these cases is "restricted to cases in which . . . officials acted in random, unpredictable, and unauthorized ways." *Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th

---

[1] The City Defendants made this identical argument in another case pending before this Court in *Mitchell v. City of Los Angeles*, 2:16-cv-01750-SJO-JPR, which involves the seizure and destruction of homeless arrestees' belongings by the City of Los Angeles. Judge Otero summarily rejected this argument. *See* Dkt. 57, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, May 6, 2016 at Pg. 3. Plaintiffs request this Court take Judicial Notice of the Order, a true and correct copy of which is attached as Exhibit A.

Cir. 2001) (distinguishing *Hudson* and holding that the plaintiff may maintain a due process claim challenging the state's seizure of a vehicle on nuisance grounds, even though Oregon state law provided a post-deprivation remedy). *See also Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). *Accord Mattias*, 906 F.2d at 1052; *Mitchell v. Fankhauser*, 375 F.3d 477, 483 (6th Cir. 2004) (*Parratt* applies only to random, unauthorized deprivations of property).

In *Zinermon v. Burch*, the Supreme Court clarified the very limited reach of *Hudson* and *Parratt*. 494 U.S. at 128. The Court held that the relevant inquiry to determine if this line of cases applied is "whether predeprivation procedural safeguards could address the risk of deprivation of the kind" alleged by the petitioner. *Id.* at 132. Where the risk of deprivation is high and predeprivation safeguards have value in guarding against that risk, then the *Hudson/Parratt* line of cases does not apply, and Plaintiffs may state a claim for a due process remedy, irrespective of whether the state provides a remedy like replevin. Only where "no predeprivation safeguards would be of use in preventing the kind of deprivation alleged" does the "special instance of *Mathews* due process analysis" outlined in *Parratt* and *Hudson* apply. *Id.* at 140.

This is not one of those instances. In *Zinernon*, the Court rejected *Hudson* and *Parratt* for three reasons. *Id.* at 138. *See also* Zimmerman, 255 F.3d at 729. All three demonstrate that *Hudson* is simply inapplicable here. First, the deprivation occurred at a "specific, predictable" point in time. *Zinernon*, 494 U.S. at 139. Plaintiffs allege that Officer Linton and other officers seized and destroyed vendors' belongings at the point at which they came in contact with them in the Fashion District. FAC ¶¶ 34-43. Second, the opportunity to contest the destruction would eliminate or greatly reduce the risk that property would be destroyed, a risk that is more appropriately labeled a certainty because of the City's policy, custom and practice of destroying the property it seized from vendors.

1  |  *Zinernon*, 494 U.S. at 139.  Finally, Plaintiffs allege that the deprivation of

2  |  Plaintiffs' belongings was the result of "officials' abuse of their position," rather

3  |  than an unauthorized or negligent action.  *Id.*  Therefore, this is not one of those

4  |  limited instances in which *Parratt* and *Hudson* apply.  *See* Zimmerman, 255 F.3d

5  |  at 739.[2]

6  |  **IV.    CONCLUSION**

7  |       Plaintiff Unión has standing to bring this case, and Plaintiffs have

8  |  adequately pled a claim for violation of their Fourteenth Amendment right to due

9  |  process.  Defendant's arguments to the contrary are without merit, and Plaintiffs

10  |  request that this Court deny Defendant's motion to dismiss.

12  |  Dated: October 24, 2016       ACLU of Southern California
    |  Legal Aid Foundation of Los Angeles
13  |  National Lawyers Guild-Los Angeles
14  |  Schonbrun DeSimone Seplow Harris
    |    & Hoffman, LLP

17  |  By: _____/s_____

18  |      Shayla Myers
    |  Attorneys for Plaintiff, UNION
19  |  POPULAR DE VENDEDORES
    |  AMBULANTES

---

[2] Were *Hudson* applicable as broadly as City Defendants argue, it would eviscerate countless cases in which courts in this Circuit have entertained or sustained due process challenges to the adequacy of procedures under which removal or destruction of property is carried out.  *See e.g.,Mitchell v. City of Los Angeles,* 2:16-cv-01750-SJO-JPR *supra note 1;* Zimmerman, 255 F.3d at 739; *Lavan v. City of Los Angeles,* 797 F. Supp. 2d 1005, 1020 (C.D.Cal.2011), upheld by 693 F.3d 1022 (9th Cir. 2012), *cert* denied *City of Los Angeles v. Lavan,*133 S.Ct. 2855 (2013); *Conner v. City of Santa Ana,* 897 F.2d 1487 (9th Cir.1990) (challenging the procedure for removing nuisance vehicles).

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT