EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:** CV 16-01750 SJO (GJSx)     **DATE:** May 6, 2016

**TITLE:**     Carl Mitchell, et al. v. City of Los Angeles et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** [Docket No. 37].

This matter comes before the Court on Defendants City of Los Angeles ("the City"), Lieutenant Andrew Mathes, Sergeant Hamer, and Sergeant Richter's ("Individual Defendants") (collectively, "Defendants") Motion to Dismiss Plaintiffs Carl Mitchell, Michael Escobedo, Salvador Roque, Judy Coleman, Los Angeles Catholic Worker, and Cangress' (collectively, "Plaintiffs") First Amended Complaint, filed on April 5, 2016. (*See generally* Mot. to Dismiss First Am. Compl. ("Mot."), ECF No. 37.) Plaintiffs filed an Opposition to the Motion on April 18, 2016, to which Plaintiffs filed a Reply ("Reply") on April 25, 2016. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 9, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

    A.    Factual Background

Plaintiffs, a group of homeless individuals and organizations providing support services to the homeless, sue Defendants for purported violations of their constitutional and statutory rights. According to Plaintiffs, the City has undertaken a mass practice and policy of clearing Skid Row and its surrounding areas of homeless people. Since around December of 2015, the City and the Individual Defendants have allegedly seized and deprived Plaintiffs of property, without a pre- or post-deprivation hearing, in violation of the Fourth and Fourteenth Amendments to the Constitution and various federal and California state laws. (*See generally* First Am. Compl. ("FAC"), ECF No. 1).

Plaintiffs' FAC alleges as follows. Since around December of 2015, LAPD officers and City employees have used arrests as a pretext to seize and confiscate Plaintiffs' property. The City's arrests take place pursuant to two LA County ordinances, Los Angeles Municipal Code ("LAMC") Section 41.18(d), which prohibits sitting, sleeping, or lying on sidewalks, and LAMC Section

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 16-01750 SJO (GJSx)</u>          DATE: <u>May 6, 2016</u>

41.45, which prohibits the unauthorized use of shopping carts. (FAC ¶¶ 47-49.) During some arrests, LAPD officers allegedly cordon off areas where homeless people are located and contact the Department of Sanitation and Street Services ("Dep't of Sanitation"), which in turn deploys trash trucks and other personnel to clean and dispose of the homeless people's property. (FAC ¶¶ 51-53.)

The property confiscated during arrests and cleanups include tents, medications, personal items, and shopping carts provided by organizations for use by the homeless. (FAC ¶¶ 20-25, 32-38.) Plaintiffs claim that city workers do not use care in handling this property, and that the workers summarily dispose of tents, tarps, blankets, shoes, and clothing. (FAC ¶ 55.)

Plaintiffs additionally claim that they have not been able to recover property after seizures take place. Although the LAPD normally itemizes and tags property taken during an arrest, officers and city employees do not separately catalog property seized from different homeless individuals. (FAC ¶ 58.) According to Plaintiffs, the confiscated property is stored at various locations, including a "hard-to-identify spot in the middle of a parking lot across from the Roybal Federal Courthouse," which is only accessible between the hours of 8:00 am and 1:00 pm on Tuesday through Friday. (FAC ¶ 60.) As a result, property is lost after the City's arrests and cleanups. (FAC ¶ 58.)

  B. <u>Prior Proceedings</u>

Plaintiffs bring eleven causes of action stemming from Defendants' arrests of homeless individuals and cleanups of areas where they are located. Plaintiffs contend that Defendants' confiscation and destruction of Plaintiffs' property, without a warrant or a pre- or post-deprivation hearing, violates the Fourth, Fifth and Fourteenth Amendments of the Constitution. (FAC ¶¶ 72-86). Plaintiffs also argue that Defendants falsely arrested certain Plaintiffs based on faulty allegations that they stole shopping carts, committed the tort of conversion by wrongfully seizing Plaintiffs' property, and contravened California state and federal laws protecting disabled individuals by depriving homeless people suffering from disabilities of necessary medications and medical equipment. (FAC ¶¶ 87-102, 106-110 119-21).

On April 13, 2016, the Court granted Plaintiffs' Application for Preliminary Injunction ("Application"). (*See generally* Order Granting Pl.'s Appl. ("Prelim. Inj. Order"), ECF No. 51.) The Court concluded that "the City, in many instances, appears to be confiscating all property, without differentiating the types of property at issue or giving homeless people a meaningful opportunity to separate essential medications or medical equipment from their other property. Accordingly, Plaintiffs have established a threshold showing of a likelihood of success on the merits of the procedural due process claim." (Prelim. Inj. Order 9.)

While the briefing on the preliminary injunction was ongoing, Defendants brought the instant Motion. Defendants seek to dismiss Plaintiffs' second cause of action, for violation of Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 16-01750 SJO (GJSx)</u>          DATE: <u>May 6, 2016</u>

due process rights, and Plaintiffs' six through eleventh causes of action, for violations of California state law. With reference to the California state law claims, Defendants contend that Plaintiffs failed to comply with the Government Claims Act, which requires that plaintiffs in California first present a claim for money or damages to a government entity, before filing suit in court against the government. (Mot. 6-7.)

II.   <u>DISCUSSION</u>

    A.   <u>Legal Standard</u>

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court only considers the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Federal Rule of Civil Procedure 12, which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," *see* Fed. R. Civ. P. 12(b)(6), must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"). *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under Rule 12(b)(6). *See Twombly*, 550 U.S. at 545.
A court may deny leave to amend where amendment would be futile or if the claim is legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

    B.   <u>Due Process</u>

The Court begins by analyzing Defendants' Motion as it pertains to Plaintiffs' due process claim. According to Defendants, because they seize property pursuant to a Los Angeles city ordinance, this seizure does not transgress constitutional due process requirements. (Mot. 5-6.) Defendants also contend that the City provides a constitutionally-adequate remedy for Plaintiffs' loss of property, in the form of replevin actions, which means that Defendants do not violate Plaintiffs' due process rights. (Mot. 6.)

The Court is not persuaded by Defendants' arguments, and therefore, **DENIES** Defendants' Motion as to the due process cause of action. In its prior order, the Court already held that

CASE NO.:  CV 16-01750 SJO (GJSx)            DATE:  May 6, 2016

Plaintiffs demonstrate a likelihood of succeeding on the merits of their due process claim. (Prelim. Inj. Order. 7-8.) The prior holding controls the Court's analysis of the instant Motion, because to qualify for a preliminary injunction, Plaintiffs had to meet a higher bar than they do now. The Court had to previously consider competing evidence, submitted by both parties, and then decide whether Plaintiffs had a high likelihood of prevailing on a due process claim. The Court now only determines if Plaintiffs allege sufficient facts in their FAC, taken as true, to state a cause of action for violation of procedural due process. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Plaintiffs meet this standard. Defendants' alleged actions, seizing property from homeless people and then storing it in places that may be difficult to access, violate the Due Process Clause.

Defendants' argument that the seizure of property occurred pursuant to local Los Angeles law is unavailing. (Mot. 4.) Government actions taken pursuant to a local ordinance or statute can still violate the Constitution, and that is precisely what Plaintiffs allege in the FAC. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012).

Defendants' contention that the municipal ordinances provide Plaintiffs constitutionally-adequate post-deprivation remedies also does not support dismissing Plaintiffs' due process claim. (Mot. 4.) If such post-deprivation remedies exist in practice, then Defendants may not violate the Constitution, and Defendants would prevail on the merits. The instant case, however, is only at the motion to dismiss stage. At the present time, Plaintiffs sufficiently allege that the City has seized property from homeless individuals, destroyed some property, and made it extremely difficult for the homeless to recover this property. (*See generally* FAC.) Assuming this is all true, as is required for now, Plaintiffs state a claim for violation of procedural due process.

    C.    California State Law Claims

The Court next considers Defendants' contention that Plaintiffs had to first present their California state law claims to the local government entity being sued, pursuant to the Government Claims Act. Under California Government Code Section 910 *et seq.*, actions for "money or damages" against a public entity may not proceed against the entity unless a written claim has first been presented to the government and the claim either has been granted or rejected. Where plaintiffs seek injunctive relief or another form of judicial relief, the plaintiffs do not have to comply with the California Government Claims Act. *See Madera Cmty. Hosp. v. Cty. of Madera*, 201 Cal. Rptr. 768, 776 (Cal. Ct. App. 1984). Moreover, where plaintiffs primarily seek injunctive or judicial relief and monetary damages are "incidental" to their claim, the Government Claims Act does not apply. *See Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Associates*, 840 F. Supp. 1328, 1358 (N.D. Cal. 1993).

Plaintiffs' two common law tort claims, for false arrest and conversion, are actions for damages and are therefore, subject to the Government Claims Act. *See Loehr v. Ventura County*

*Community College District*, 195 Cal. Rptr. 576, 581 (Cal. Ct. App. 1983) (holding that where plaintiffs seek monetary damages pursuant to a tort action, plaintiffs must meet the claims presentation requirement of the Government Claims Act). The Court therefore **GRANTS** Defendants' Motion as to Plaintiffs' tenth and eleventh causes of action **without leave to amend**.

Plaintiffs' remaining claims are not subject to the Government Claims Act because Plaintiff primarily seeks injunctive, non-monetary relief. For example, the ninth cause of action, under California Civil Code Section 2080, seeks an injunction that ensures that the City will store and maintains property seized from homeless individuals. The seventh cause of action, similarly, seeks an order enjoining the city from discriminating against individuals suffering disabilities. Damages recovered pursuant to these causes of action are incidental to the injunction itself. *See Blumhorst v. Jewish Family Servs. of Los Angeles*, 24 Cal. Rptr. 3d 474, 480 (2005) ("The fourth paragraph was added to clarify the legislative intent that 'a victim of unlawful discrimination' could enforce the prohibition against discrimination in section 11135 through an action for equitable relief without pursuing administrative remedies first.") Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiffs' six, seventh, eighth, and ninth causes of action.

    D.    Meet and Confer

The Court finally considers Plaintiffs' argument that Defendants did not meet and confer prior to the filing of the instant Motion, in violation of the Local Rules and the Initial Standing Order. According to Plaintiffs, Defendants transmitted a letter outlining the grounds for the instant Motion, subsequently followed up by email, and then canceled a telephonic meet and confer. Plaintiffs and Defendants never met and conferred in person or by telephone. (Opp'n 1-3.)

The Court is troubled by these allegations. If Defendants canceled the telephonic conferences and only met and conferred via letters and email, Defendants' actions do not comport with the Local Rules and the Initial Standing Order. These rules are in place to facilitate the litigation process and allow the Court to manage its docket effectively. In the interest of deciding the instant Motion on the merits, the Court addresses Plaintiffs' and Defendants' legal arguments in this Order. The Court, however, cautions the parties to strictly comply with the Local Rules and the Initial Standing Order or face sanctions in the future.

### III.    RULING

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. Plaintiffs' causes of action for false arrest and conversion are **DISMISSED without leave to amend**.

IT IS SO ORDERED.