LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE [47, 48]

### I.   INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss portions of Plaintiffs' First Amended Complaint ("FAC") and Motion to Strike Matter from the FAC. (Dkt. Nos. 47 (hereinafter, "MTD"), 48 (hereinafter, "Mot. to Strike").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Defendants' Motions.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

#### A.   Factual Background

Plaintiff Unión Popular de Vendedores Ambulantes ("Unión") is a member-based unincorporated organization in Los Angeles that "fights to protect street vendors, organizes them to advocate for legalization of street vending, and educates them on the laws and rules that affect them." (Dkt. No. 42 (hereinafter, "FAC") ¶ 8.) Plaintiff Aureliano Santiago is a street vendor who sells ice cream on the streets of Los Angeles. (FAC ¶ 9.) Plaintiff Wendy Puluc is a street vendor who sells fruit in downtown Los Angeles.[1] (FAC ¶ 10.) Defendant the City of Los Angeles is a municipal entity

---

[1] The Court will refer to Unión, Mr. Santiago, and Ms. Puluc collectively as "Plaintiffs."

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 2 of 16 Page ID #:271

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

organized under the laws of California. (FAC ¶ 11.) Defendant Fashion District BID is a Business Improvement District ("BID") initially created by the City of Los Angeles in 1998 and currently funded by the City. (FAC ¶ 12.) Defendant Downtown Los Angeles Property Owners Association, Inc. is a 501(c)(6) not-for-profit business corporation contracted by the City of Los Angeles to manage the Fashion District BID. (FAC ¶ 13.) Defendant Officer Linton[2] is an officer with the Los Angeles Police Department ("LAPD").[3] (FAC ¶ 14.)

In the downtown Los Angeles area, seven BIDs cover districts that correspond roughly to seven distinct downtown neighborhoods: the Arts District, Bunker Hill, the Historic Core, Skid Row, South Park, Little Tokyo, and the Fashion District. (FAC ¶ 17.) The Fashion District consists of approximately ninety blocks in the southern central area of downtown Los Angeles. (FAC ¶ 19.) The Fashion District BID was the first BID created in Los Angeles, (FAC ¶ 18), and, as noted above, the Fashion District BID was created and is overseen by the City of Los Angeles, (FAC ¶ 20). According to Plaintiffs, the Fashion District BID employs maintenance and safety officers to provide services that would otherwise be provided by the Bureau of Sanitation and LAPD. (*Id.*) Further, Plaintiffs claim that the Fashion District BID officers "support and work in concert with, and at the direction of, the LAPD to extend the reach of the LAPD in the Fashion District." (FAC ¶ 21.)

Plaintiffs claim that the Fashion District BID officers, along with LAPD officers, "seize and destroy the personal property of individuals who they suspect are selling merchandise and food on the streets of the Fashion District." (FAC ¶ 22.) Plaintiffs allege that these seizures occur with no warrant or legal justification and the vendors are afforded no due process before or after the seizures and no notice before the seized property is destroyed or sold. (*Id.*) Plaintiffs allege that when an LAPD officer "happens upon" a street vendor in the Fashion District, the officers contact the Fashion District BID, who dispatches a member of its safety and sanitation team to seize and destroy the vendor's property. (FAC ¶ 23.) At other times, Plaintiffs aver, if a BID officer first discovers the street vendor, the BID officer contacts the LAPD and the LAPD dispatches

---

[2] Plaintiffs' FAC does not provide Officer Linton's first name.

[3] The Court will refer to the City of Los Angeles, Fashion District BID, the Los Angeles Property Owners Association, Inc., and Officer Linton collectively as "Defendants."

Case 2:15-cv-08444-BRO-E   Document 54   Filed 11/17/16   Page 3 of 16   Page ID #:272

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

one of its own officers. (FAC ¶ 25.) Plaintiffs contend that LAPD officers sometimes cite and arrest street vendors while the BID officers seize and dispose of the vendors' personal property, or the LAPD officers will threaten citation or arrest if the vendor does not allow the property to be confiscated. (*Id.*) In addition, Plaintiffs claim that LAPD and BID officers routinely verbally harass street vendors and threaten them with deportation. (FAC ¶ 26.)

Plaintiffs allege that after the BID officers seize the vendors' property, the vendors are given no opportunity to retrieve what was taken. (FAC ¶ 28.) Further, they are not informed that they can contest the seizure or where the property is being taken, and they do not receive a receipt. (*Id.*) Plaintiffs allege that the property is not seized pursuant to a warrant, is not used as evidence, and is not seized for safekeeping. (FAC ¶¶ 29–30.) Moreover, according to Plaintiffs, the property is seized and destroyed even if the vendors are not booked into custody or there are other individuals whom the owner could authorize to take possession of the property. (FAC ¶ 29.)

In addition, Plaintiffs claim that the seizures do not comport with an LAPD Special Order that requires all seized non-perishable property be booked and inventoried on a Property Report Form. (FAC ¶ 31.) According to Plaintiffs, this Order applies not only when an individual is arrested, but when an individual is detained. (FAC ¶ 32.) Under the Order, personal property must be returned as soon as the detention ends. (*Id.*)

As to Plaintiffs specifically, they allege that on August 29, 2015, Plaintiff Puluc was on a street within the Fashion District BID with a cart, an umbrella, fruit trays, fresh fruit, and other equipment. (FAC ¶ 34.) As Plaintiff Puluc was preparing the fruit, BID officers approached her and, without saying anything, grabbed the cart and fruit trays, and confiscated all of her belongings. (FAC ¶ 35.) Plaintiffs claim that Officer Linton was also present and that prior to seizing her property none of the officers questioned Plaintiff Puluc or inspected or inventoried the property they seized. (*Id.*) Further, they provided her with no receipt or documentation regarding the items that were seized and did not inform her how she could retrieve them. (FAC ¶ 36.) Plaintiffs claim that Plaintiff Puluc has never recovered any of the seized items. (*Id.*)

Plaintiffs also allege that on September 12, 2015, Plaintiff Santiago, along with other vendors, was selling ice cream products and frozen desserts from his cart on a street

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

in the Fashion District. (FAC ¶ 37.) Plaintiffs claim that BID officers approached the vendors and surrounded the carts to prevent the vendors from accessing their personal property. (*Id.*) The BID officers then contacted the LAPD, and Officer Linton and another officer arrived. (FAC ¶¶ 37–38.) According to Plaintiffs, the officers then worked in concert to threaten the vendors with arrest while seizing their property without inspecting or inventorying it. (FAC ¶ 38.) None of the vendors were given receipts and none of the vendors were told where the property was being taken or how the vendors could reclaim it. (FAC ¶ 39.)

On or about September 21, 2015, several street vendors (including Plaintiff Santiago) who had been cited by the LAPD and had their property confiscated went to the LAPD Central Division to file police personnel complaints against the LAPD officers responsible for seizing their property. (FAC ¶ 44.) On September 22, 2015, another group of vendors (again including Plaintiff Santiago) went to the Fashion District BID seeking to have the BID return their property. (FAC ¶ 45.) A BID manager indicated that the BID retained some of the property that had been seized but, according to Plaintiffs, it was unclear to whom this property belonged. (*Id.*) The vendors were shown some of the seized property, but Plaintiff Santiago's property was not among the property produced. (*Id.*) Plaintiffs allege that the BID has "thrown away" the seized property. (*Id.*)

## B. Procedural Background

Plaintiffs brought the instant action on October 28, 2015. (Dkt. No. 1.) On September 9, 2016, Plaintiffs filed the operative FAC, alleging three causes of action: (1) violation of Plaintiffs' Fourth Amendment rights, (*see* FAC ¶¶ 46–51); (2) violation of due process, (FAC ¶¶ 52–57); and, (3) violation of California Civil Code section 52.1, (FAC ¶¶ 58–60). On October 11, 2016, Defendants filed the instant Motion to Dismiss, seeking to dismiss Plaintiff Unión from the case and to dismiss Plaintiffs' due process cause of action. (*See* MTD.) On the same day, Defendants also filed a Motion to Strike immaterial or impertinent matter from the FAC. (*See* Mot. to Strike.) On October 24, 2016, Plaintiffs timely filed Oppositions to both Motions. (Dkt. Nos. 50 (hereinafter, "Mot. to Strike Opp'n"), 51 (hereinafter, "MTD Opp'n").) On November 7, 2016, Defendants timely replied to both Oppositions. (Dkt. Nos. 52, 53 (hereinafter, "MTD Reply").)

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

## III. REQUESTS FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and, (2) matters in the public record. *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

In their Opposition to Defendants' Motion to Dismiss, Plaintiffs request that the Court take judicial notice of an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss in *Carl Mitchell et al. v. City of Los Angeles et al.*, No. 16-cv-01750 SJO (GJSx) (C.D. Cal.). (*See* MTD Opp'n at 11 n.1 & Ex. A.) In addition, attached to their Reply to Plaintiffs' Opposition to the Motion to Dismiss, Defendants include a copy of an Order Granting Plaintiff's Application for Preliminary Injunction in the *Mitchell* litigation, though the Defendants do not explicitly request that the Court take judicial notice of this Order. (*See* MTD Reply at 4, Ex. A.)

The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). But "[w]hile the authenticity and existence of a particular order, motion, pleading, or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Plaintiffs claim that the *Mitchell* proceeding also involves "the seizure and destruction of homeless arrestees' belongings by the City of Los Angeles" and that the defendants in that action made "identical" arguments to the arguments made in the Motion to Dismiss. (*See* MTD Opp'n at 11 n.1.) Therefore, the Court finds that the two actions are significantly related

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 6 of 16 Page ID #:275

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

and the Orders that have been issued in the *Mitchell* proceeding may bear a direct relation to the instant case.  Accordingly, the Court **GRANTS** Plaintiffs' Request for Judicial Notice, and, though Defendants do not explicitly request Judicial Notice, will also judicially notice Defendants' proffered Order.  However, the Court takes judicial notice only of the Orders' existence and authenticity and does not take judicial notice of the facts or arguments included in them.

## IV.   LEGAL STANDARD

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The role of a Rule 12(f) motion to strike is to evade the expense of time and money that results from litigating "spurious issues" by discarding those issues in advance of trial.  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  Immaterial matter "has no essential or important relationship to the claim for relief" pleaded, and impertinent matter is material that "do[es] not pertain and [is] not necessary, to the issues in question" in the case.  *Fogerty*, 984 F.2d at 1527.

Courts generally disfavor Rule 12(f) motions because they are often used as a delaying tactic and public policy favors resolving cases on the merits.  *Id.*  A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the litigation's subject matter.  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).  "In considering a motion to strike, the Court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff."  *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (citations omitted).  Typically, courts will require the moving party to show prejudice before granting the requested relief, and ultimately whether to grant a motion to strike falls to the sound discretion of the district court.  *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010).

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

B.   Motion to Dismiss

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Otherwise, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court shall determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee*, 250 F.3d at 688.

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

## V. DISCUSSION

### A. Defendants' Motion to Strike

Defendants request that the Court strike two statements from Plaintiffs' FAC:

1) "Each time his [Plaintiff Santiago's] property is confiscated, it creates a financial hardship for him and his family, who depend on Mr. Santiago to provide for them, pay rent and bills, and contribute to his daughter's college tuition." (FAC ¶ 9.)
2) "She [Plaintiff Puluc] relies on her income to support herself and her two children." (FAC ¶ 10.)

According to Defendants, these statements are immaterial and impertinent because (1) these allegations are "entirely separate" from the gist of the FAC, which seeks recovery based on Defendants' alleged unlawful seizure of Plaintiffs' property, and, (2) Plaintiffs cannot recover for lost income earned from their street vending because street vending is illegal in Los Angeles. (Mot. to Strike at 2.) Plaintiffs concede that they are not seeking lost income from their street vending as damages, but contend that these statements regarding Plaintiffs' financial hardship are relevant to Plaintiffs' claims for damages arising from the alleged due process violation. (Mot. to Strike Opp'n at 3.) It is not clear whether these allegations will ultimately have an impact on the litigation; however, Plaintiffs do allege they have suffered economic damages through the allegedly unlawful seizure of their property. (*See* FAC at 15.) Thus, to some extent, the financial impact of Defendants' actions could potentially be relevant to Plaintiffs' claims, even if that possibility is unlikely.

"If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015); *see also In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965–66 (C.D. Cal. 2000) ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion [to strike]." (emphasis in original)). Moreover, Defendants have not alleged that they will suffer any prejudice if these statements are not stricken from the FAC. *See N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F.

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 9 of 16 Page ID #:278

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally was within one or more of the categories set forth in Rule 12(f).'" (alteration omitted) (quoting *Rivers v. County of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)). Accordingly, because it is not clear whether these allegations will ultimately have any impact on the litigation and because it appears that Defendants will suffer no prejudice, regardless, the Court **DENIES** Defendants' Motion to Strike. *See In re 2TheMart.com*, 114 F. Supp. 2d at 965–66 ("Therefore, it appears to the Court that an element of doubt exists as to whether the allegations in question may be at issue as the action progresses. Thus, Defendants' motion to strike is denied.").

### B. Motion to Dismiss

Defendants argue that (1) Unión should be dismissed as a Plaintiff because it lacks both representational and direct standing, and, (2) Plaintiffs' due process claim should be dismissed because the state law cause of action for replevin provides the appropriate remedy and precludes a due process cause of action. (*See* MTD.) The Court will address each argument in turn.

#### 1. Whether Unión Has Representational Standing

An organization may have representational standing to bring a claim on behalf of its members (1) "when its members would have standing to sue in their own right," (2) "the interests at stake are germane to the organization's purpose," and, (3) "neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 169 (2000); *see also Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) ("[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."). Defendants do not appear to dispute the first two prongs; rather, Defendants challenge only the third prong by arguing that Plaintiffs' claims require the individual

Case 2:15-cv-08444-BRO-E   Document 54   Filed 11/17/16   Page 10 of 16   Page ID #:279

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

involvement of Unión's members.  (*See* MTD at 3–4.)  The Court disagrees with Defendants.

"[T]he associational standing test's third prong is a prudential" requirement, rather than a constitutional requirement.  *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 554 (1996).  "Hence the third prong of the associational standing test is best seen as focusing on . . . matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution."  *Id.* at 557.  The need for individualized proof, and therefore individual participation by an organization's members, arises primarily when an organization makes claims for damages; but when only injunctive or declaratory relief is at issue, an organization's "members need not participate directly in the litigation." *Alaska Fish & Wildlife Fed'n & Outdoor Council, Inc. v. Dunkle*, 829 F.2d 933, 938 (9th Cir. 1987); *see also Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) ("Appellants request only injunctive and declaratory relief.  Because these forms of relief do not require individualized proof, the third prong of the *Hunt* test is satisfied.").  In this case, Unión requests only injunctive and declaratory relief on behalf of its members.  (*See* FAC at 15.)  Yet, Defendants argue that individualized proof will be required here.  (MTD at 3.)

Specifically, Defendants argue that there may be instances where Defendants lawfully seized property because the property (1) posed an immediate threat to health and safety, (2) was abandoned, or, (3) was contraband.  (*See id.*)  However, Defendants' argument conflates two separate inquiries.  As Defendants contend that "whether or not members of Union Popular were in compliance with the Health Code such as to justify retention and/or return of their property would require individualized proof."[4]  (MTD at 4.)  Defendants apparently misunderstand Unión's requested relief.  Within the scope of this proceeding, Unión is not requesting that Defendants return property to their members; rather, Unión seeks equitable relief from the Court regarding whether Defendants' alleged policies of seizing, failing to inventory, and failing to return property

---

[4] Moreover, to the extent Defendants are arguing that Plaintiffs are incapable of establishing that any of Defendants' seizures were unlawful, their argument is misplaced.  "[T]he threshold question of whether plaintiff has standing . . . is distinct from the merits of his claim."  *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  Thus, whether Plaintiffs may ultimately succeed on their claims is not an inquiry the Court makes when determining whether Plaintiffs have standing.

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 11 of 16 Page ID #:280

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

are unlawful.  (*See* FAC at 15.)  If Unión's requested relief is granted and the Court provides injunctive or declaratory relief as to Defendants' policies, it may be that individualized inquiries will be required to determine whether the seizure of each individual street vendor's property was unlawful and whether return of that vendor's property is required.[5]  But that is a different inquiry that occurs outside of the scope of this litigation, and not the form of relief requested by Unión in this proceeding.

Therefore, the Court finds that Unión has standing to seek the equitable relief it requests on behalf of its members.[6]  *See Columbia Basin*, 268 F.3d at 798–99 (finding that an apartment association had standing on behalf of its members to seek equitable relief preventing the enforcement of an ordinance); *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1408 (9th Cir. 1991) (finding that a "request for declaratory and injunctive relief" did not require "individualized proof on the part of its members"); *Comm. for Immigrant Rights of Sonoma Cty. v. County of Sonoma*, 644 F. Supp. 2d 1177, 1194 (N.D. Cal. 2009) (rejecting defendants' argument that "individualized proof is required to determine whether the challenged conduct caused any harm" where the complaint sought declaratory and injunctive relief).

//

---

[5] In other words, the Court could, for instance, grant declaratory relief in Plaintiffs' favor that provides that the seizure of umbrellas is unlawful.  Whether every one of Unión's individual members had an umbrella seized is, of course, an individualized inquiry—but that inquiry is separate from and irrelevant to determining whether the seizure of umbrellas as a practice is unlawful.  Thus, individual association members' participation is not required for the Court to grant equitable relief.

[6] Moreover, Defendants argue that "Union Popular would be on better standing ground if it was complaining of a policy whose constitutionality could be decided as a pure legal issue, as seems to be the gist of the case law." (MTD Reply at 1–2.)  But Defendants have not established how the relief Unión seeks is *not* a purely legal issue.  Defendants argue, for example, that California Health and Safety Code section 114393 allows for "the seizure and destruction of unsanitary and unclean material." (MTD Reply at 3.)  However, using Defendants' example, the equitable relief that Plaintiffs request would examine only the legal question of whether the seizure and destruction of unsanitary and unclean material is unconstitutional.  Then, as noted above, the enforcement or application of any potential relief that the Court may grant could become an individualized inquiry—but that enforcement or application lies outside the scope of these proceedings.

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 12 of 16 Page ID #:281

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 15-08444-BRO (Ex)** | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

### 2. Whether Unión Has Direct Standing

Defendants also argue that Unión lacks direct standing to bring suit on its own behalf.[7] "[O]rganizations are entitled to sue on their own behalf for injuries they have sustained." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982). In order to establish standing, an organization, like individuals, must establish: "(1) injury in fact; (2) causation; and (3) redressability." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010). "[A]n organization may satisfy the Article III requirement of injury in fact if it can demonstrate: (1) frustration of its organizational mission; and (2) diversion of its resources to combat the particular [issue] in question." *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004).

It is not clear which of the organizational standing requirements Defendants challenge as to Unión's direct standing.[8] Defendants only argument is that whether Unión's efforts on behalf of its membership were justifiable "will depend on individualized proof" as to each situation. However, "individualized proof" and the "justifiability" of an organization's actions are not factors contemplated by organizational direct standing requirements. Further, as Plaintiffs note, the Court is unaware of, and Defendants do not provide, any authority in which the individualized proof inquiry has been examined in relation to an organization's direct standing (as opposed to representational standing, as addressed above). Therefore, the Court construes from Defendants' argument that it may be challenging whether Unión has sufficiently established an injury in fact. The Court finds that it has.

As noted above, for an organization to establish injury in fact, it must show that its mission has been frustrated by the allegedly unlawful actions and that it has diverted resources to combat the allegedly unlawful conduct. *See Smith*, 358 F.3d at 1105. Here, Unión alleges that its organizational mission includes holding weekly and monthly meetings where members discuss issues related to street vending, including interactions with law enforcement and the BIDs. (FAC ¶ 8.) Unión alleges that this mission has been frustrated as it has had "to spend time and resources" addressing allegedly unlawful

---

[7] Defendants provide no authority for this proposition in their Motion. (*See* MTD at 4.)

[8] Further, Defendants failed to provide any argument further illuminating this point in their Reply. (*See* MTD Reply.)

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 13 of 16 Page ID #:282

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

confiscations and seizures rather than devoting that time and resources to "other aspects of its organizational mission" such as other campaigns and educational events. (FAC ¶ 8.) In addition, Unión claims that it has been required to divert its "limited organizational resources" to assist its members who have been affected by Defendants' allegedly illegal seizures and confiscations. (*Id.*) Therefore, the Court finds that Unión has established an injury in fact. *See Smith*, 358 F.3d at 1105–06; *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 902–03 (9th Cir. 2002) (finding direct organizational standing where organization "showed a drain on its resources from both a diversion of its resources and frustration of its mission").

Moreover, if Defendants are alleging that Unión's alleged injuries are not redressable due to these individualized inquires (the only other plausible basis for Defendants' argument), the Court also disagrees. The "essence of the redressability requirement" is that the relief sought will "remedy the injury suffered." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Defendants do not explain, and the Court does not understand, how any claimed "individualized inquiries" into the efforts Unión took to prevent what it believed to be unlawful seizures of property will prevent the remedying of any injury that Unión has allegedly suffered. Therefore, the Court finds that Unión has established redressability in this case. Accordingly, the Court finds that Plaintiffs' FAC establishes that Unión has direct standing to proceed on its own behalf.

### 3. Whether Plaintiffs Have Stated a Viable Due Process Claim

Next, Defendants argue that Plaintiffs have not stated a viable due process claim, because (1) the state has the right to possess any unlawful property, even if the seizure of that property was unconstitutional, and, (2) California's state law cause of action for replevin satisfies due process. (*See* MTD at 4–5.)

Defendants' first argument fails. Defendants allege that Plaintiffs' due process claims fail because the property that Defendants allegedly seized may have posed "an immediate hazard to health," making it subject to seizure. (MTD at 4.) When deciding a Rule 12(b)(6) motion, the Court is required to draw all inferences in favor of the plaintiff. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Here, Plaintiffs have alleged that part of the property Defendants seized included carts, fruit trays, utensils, umbrellas, and coolers. (FAC ¶¶ 35, 38.) These

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | **AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL.** | | |

items, on their face, are lawful items; in other words, a person in possession of a cart, a fruit tray, a utensil, an umbrella, or a cooler, on its own, does not violate the law. Defendants argue that because these items were seized in an often unsanitary area of Los Angeles, they may have come in contact with "feces, rat droppings, maggots, blood, etc." (MTD at 4.) Thus, Defendants effectively request that the Court draw an inference in their favor and find that, because of the area or location where these goods were seized, it is *possible* that these items—despite being lawful—were so unsanitary as to render them unlawful under the California Health and Safety Code. To draw this inference would violate the Court's duty to draw inferences in favor of Plaintiffs.[9] Nothing from the face of Plaintiffs' FAC indicates that the property seized was unlawful, and the Court cannot infer the contrary. Therefore, Defendants' first argument fails.

      Next, Defendants argue that California's replevin (or "claim and delivery") tort cause of action provides sufficient post-deprivation due process protection for Plaintiffs. (MTD at 4–5.) In support, Defendants cite *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), in which the Court held that there is no due process violation "when deprivations of property are effected through random and unauthorized conduct" so long as "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981) (holding that post-deprivation process satisfied due process when loss was the "result of a random and unauthorized act by a state employee")). The Ninth Circuit has held that *Hudson* and *Parratt* stand "for the proposition that, in certain circumstances, a state can cure what would otherwise be an unconstitutional deprivation of 'life, liberty, or property' by providing adequate postdeprivation remedies." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). The specific circumstances in which *Hudson* and *Parratt* apply, and post-deprivation state tort remedies provide sufficient due process, are circumstances in which state actors "acted in random, unpredictable, and unauthorized ways." *Id.* at 738. But otherwise, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Thus, *Parratt* and *Hudson* are special

---

[9] However, Defendants are free to raise this argument later in the proceedings, such as at summary judgment, when the Court may consider evidence outside of the pleadings.

Case 2:15-cv-08444-BRO-E Document 54 Filed 11/17/16 Page 15 of 16 Page ID #:284

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

cases "in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide." *Id.* at 128.

Whether a case falls within the guidance of *Parratt* and *Hudson*, and therefore requires only the availability of a post-deprivation tort remedy to avoid a due process violation, turns on three considerations: (1) whether the deprivation of property alleged by the plaintiff is predictable or unpredictable (i.e., whether the deprivation occurred at a "specific, predictable point" in time); (2) whether the nature of the deprivation made process prior to the deprivation impossible; and, (3) whether the defendant's conduct was authorized. *See Zimmerman*, 255 F.3d at 738–39; *see also Merrill v. County of Madera*, No. 1:05-CV-0195 AWI SMS, 2007 WL 4365579, at *4 (E.D. Cal. Dec. 11, 2007) (explaining that conduct falls outside of *Parratt* and *Hudson*'s purview when "(1) The deprivation of liberty was predictable; (2) The creation of a pre-deprivation process was not impossible; and (3) The deprivation was the result of an official's 'abuse of his position' and therefore was not 'random and unauthorized'" (citation omitted)).

Here, the deprivation of property here occurs at a "specific, predictable point" in time—namely, when law enforcement or BID officers discover a street vendor (and, specifically, when Defendants discovered Plaintiffs Santiago and Puluc in this case) and seize their belongings. *See Zimmerman*, 255 F.3d at 739 (finding that deprivation took place at a "specific, predictable point in the process" where officer came to plaintiff's property, "began a warrantless search of the property," and ultimately seized the property). Next, Defendants do not argue, and it does not appear, that there is anything about the nature of seizing Plaintiffs' property in this case that would make process (i.e., a hearing) prior to Defendants' confiscation impossible. In other words, if law enforcement or the BID had a policy of providing process before confiscating property, the deprivations in this case might not have occurred. *See Zinermon*, 494 U.S. at 137 (explaining that pre-deprivation process was not impossible because if the state had provided sufficient guidance "the deprivation might have been averted"). And third, Plaintiffs allege that Defendants' confiscations were the result of state or BID authorized policies and procedures, rather than random or negligent actions by law enforcement or BID officers. (*See* FAC ¶ 16.) Therefore, the Court finds that Plaintiffs' due process claim falls outside the guidance of *Parratt* and *Hudson* and a post-deprivation state law cause of action does not satisfy due process. Accordingly, Defendants' second argument also fails.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08444-BRO (Ex) | Date | November 17, 2016 |
|---|---|---|---|
| Title | AURELIANO SANTIAGO ET AL. V. CITY OF LOS ANGELES ET AL. | | |

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motions are **DENIED**. The hearing scheduled for Monday, November 21, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.** :

Initials of Preparer    rf