SHAYLA R. MYERS (264054)
smyers@lafla.org
MATTHEW CLARK (233736)
CLAUDIA MENJIVAR (291981)
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983
Fax:   (213) 640-3988

MICHAEL KAUFMAN (254575)
mkaufman@aclusocal.org
JENNIFER PASQUARELLA (263241)
PETER BIBRING (223981)
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 West 8th Street
Los Angeles, California 90017
Tel: (213) 977-5232
Fax: (213) 417-2232

Attorneys for Plaintiff Union Popular de Vendedores Ambulantes
*Additional Counsel on Next Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AURELLIANO SANTIAGO, ET AL., | CASE NO. 2:15-cv-08444 BRO (Ex) |
| Plaintiff(s), | **JOINT RULE 26(f) REPORT** |
| vs. | Conference: November 28, 2016 |
| CITY OF LOS ANGELES, ET AL., | Date: 1:30 P.M. |
| Defendant(s). | Courtroom: 14 |

_____
**JOINT RULE 26(f) REPORT**

CAROL A. SOBEL  (SBN 84483)
**NATIONAL LAWYERS GUILD – LA**
3110 Main Street, Suite 210
Santa Monica, CA 90405
Tel: 310 393 3055
Fax: 310 451-3858
E: carolsobel@aol.com

CYNTHIA ANDERSON-BARKER (SBN 175764)
**NATIONAL LAWYERS GUILD – LA**
3435 Wilshire Blvd # 2910
Los Angeles, CA 90010
Tel: 213 381-3246
Fax: 213 252-0091
E: cablaw@hotmail.com

PAUL L. HOFFMAN (SBN 71244)
CATHERINE SWEETSER  (SBN 271142)
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN**
723 Ocean Front Walk
Venice, California 90291
Tel: 310 396-0731
Fax: 310 399-7040
E. hoffpaul@aol.com
E. catherine.sdshhh@gmail.com

Counsel for the parties held a Scheduling Meeting of Counsel pursuant to Fed. R. Civ. P 26(f) on November 10, 2016, and discussed the matters set forth in Fed. R. Civ. P 26(f) and this Court's Local Rules and Order Setting Scheduling Conference. The parties hereby submit their Joint Rule 26(f) Report.

**a. Statement of the Case**

**1. Plaintiffs' Statement**:

Plaintiffs are two street vendors and Unión Popular de Vendedores Ambulantes (Unión), an organization of street vendors that fights for fair and equal treatment of its members in Los Angeles. Collectively, they have brought this action to put an end to the City of Los Angeles and Fashion District Business Improvement District's illegal practice of seizing and destroying street vendors' property. Plaintiffs allege that the City, through the Los Angeles Police Department (LAPD), and the Fashion District Business Improvement District (FDBID) seize and summarily destroy their belongings, without affording the vendors any opportunity to challenge the seizures or any opportunity to get their property back. These practices are wide-spread throughout the Fashion District in Downtown Los Angeles and are part of a practice and custom of the FDBID acting in concert with the LAPD, or at a minimum, the actions taken by specific FDBID officers was done with the knowledge and consent of the LAPD.

Plaintiffs assert three sets of claims. First, Plaintiffs allege that Defendants unreasonably seize and destroy their property without a warrant or any legal justification, in violation of the Fourteenth Amendment to the United States Constitution and Art. 1, §13 of the California Constitution. Second, Plaintiffs allege that Defendants have deprived them of their property without notice or an opportunity to be heard, in violation of the Fourteenth Amendment to the United States Constitution and Art. I, §7 of the California Constitution. Third, Plaintiffs allege that Defendants have used threats of arrest and intimidation to interfere with plaintiffs' rights, in violation of California Civil Code § 52.1. Plaintiffs seek a declaration and injunctive relief enjoining Defendants from engaging in their illegal policies, practices and

conduct, and damages for the injuries suffered by Plaintiffs Aureliano Santiago and Wendy Puluc.

   **2.  Defendants City of Los Angeles and Officer Litton's Statement**:

City of Los Angeles's Statement: Vending without a license issued by the County of Los Angeles Health Department is illegal in the City of Los Angeles. Enforcement of the illegal vending ordinance historically has been done in several different ways.

   County health inspectors conduct enforcement operations in the City and seize paraphernalia of illegal vendors and issue citations for the vending activity. During these operations, LAPD officers sometimes serve as security for the health inspectors performing the enforcement work. Separately from the County's enforcement actions, Los Angeles police officers patrol the Fashion District as part of their routine duties. Persons vending food illegally in the Fashion District often would run from the police and abandon the paraphernalia used in their food sales. In these situations, the person who ran away did not leave contact information with another person, nor would any person come forward to help the police identify the person who ran away. In other situations where LAPD officers patrol the Fashion District, officers may have cause to cite or arrest illegal vendors. The vendors' property may have been seized during these operations. In these situations, vendors often would not give their names to officers and would disavow any further interest in the items seized.

   Across all of the enforcement situations, both County health inspectors and LAPD officers have found that vermin and unsanitary surfaces routinely infest or make contact with the foodstuffs and paraphernalia owned by the vendors who sell food items without a license.

   **3.   Defendant LA Fashion District BID's ("BID") Statement:**

The BID collects an average of *6.4 tons per day* of trash off the streets that encompass the BID.  The BID not only contracts with Chrysalis, a non-profit that provides employment for the homeless, to collect the trash, but it pays to discard that trash in a landfill.  Recyclables are separated when possible and are given to a couple (man and

_____

wife) that are homeless and that who turn them in to a recycling center.  The BID makes no profit—ever—off collecting trash.

The First Amended Complaint identifies three individuals, two of whom are named as plaintiffs, whose property the BID purportedly seized and trashed. Investigation to date discloses the following.

Aurelio Santiago, named as a plaintiff, is not only an illegal street vendor, he is an illegal street vendor who is selling ice cream in violation of California/County Health Department regulations.  Mr. Santiago alleges that his property was seized by the LAPD and the BID, but in fact, his property was seized by the Los Angeles County Health Department after it concluded that it violated health department standards. Approximately a week after Mr. Santiago's property was seized, he, his attorneys, and other street vendors went to the BID and demanded the return of his property.  Mr. Santiago was informed that the BID did not have his property, and was given an opportunity to search the BID's holding dock for his property.  He told his attorney in Spanish that his property was not there (which others who spoke Spanish heard), but he walked off with property that was not his, not only with his attorney's knowledge but authorization.

Maria Del Rosario Caal, not a named defendant, like Mr. Santiago, is also an illegal street vendor who is selling food stuffs in violation of California/County Health Department regulations.  Mr. Santiago's property was seized by the Los Angeles County Health Department after it concluded that it violated health department standards.

Wendy Puluc, named as a plaintiff, is an illegal street vendor.  She alleges that her food stuffs were seized by the LAPD and the BID on a specific date.  Investigation discloses that neither the LAPD nor the Los Angeles County Health Department was in the BID on the date she alleges, so she is either mistaken as to the date or the seizure did not occur; her attorneys were told this fact, first at a meet and confer in anticipation

**JOINT RULE 26(f) REPORT**

of the filing of motions for summary adjudication, and then again at the Scheduling Meeting of Counsel.

Of the two incidents in the First Amended Complaint that can be identified, the BID assisted the Los Angeles Health Department in transporting the items seized under their authority and direction to a Los Angeles Health Department truck. The BID did not seize any property identified in the First Amended Complaint. There is no record of the third incident.

**b. Subject matter jurisdiction**

Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims form part of the same case or controversy under Article III of the United States Constitution.

**c. Legal issues**

**1. Plaintiffs' statement of legal issues**:

The central legal issues in this case are those described in Section (a) above. As of the completion of this report, the case does not present any unusual legal or evidentiary issues.

**2. Defendants' response**:

The City of Los Angeles agrees that the central legal issues are those described in Section (a) above.

The BID contends that the legal issues that need to be addressed, in addition to those set for in Section (a) above, are: (1) whether the Los Angeles County Health Department regulations were violated; and (2) whether the Los Angeles County Health Department is an appropriate party to this case.

///

///

_____

**JOINT RULE 26(f) REPORT**

### d. Parties and evidence

#### 1. List of Plaintiffs

    A.    Aureliano Santiago

    B.    Wendy Puluc

    C.    Unión Popular de Vendedores Ambulantes

#### 2. List of Defendants

    A.    City of Los Angeles

    B.    Fashion District Business Improvement District

    C.    Downtown Los Angeles Property Owners Association, Inc., dba Los Angeles Fashion District Business Improvement District

    D.    Officer Linton

#### 3. Plaintiffs' list of witnesses

Discovery in this matter has just begun. Therefore, the parties have not yet identified all relevant witnesses. Plaintiffs anticipate identifying and calling as witnesses LAPD and FDBID personnel responsible for establishing and implementing policy regarding street vending enforcement and property seizure and storage, as well as LAPD and FDBID personnel who routinely enforce street vending laws and seize street vending related property, including LAPD Officer Owen and Defendant Officer Linton. Additional witnesses for Plaintiffs include the individual Plaintiffs, Marie Rosa Caal, and other individuals whose property has been illegally seized and destroyed, as well as other witnesses to Defendants' illegal seizure and destruction of street vendors' property.

#### 4. Defendants City of Los Angeles' list of witnesses

The City of Los Angeles: Discovery has just begun. The City has not yet identified all relevant witnesses to the matters relevant to this dispute. The City anticipates that relevant witnesses will include, but not necessarily be limited to, street vendors present at the events described in the complaint, County health department

officials, personnel of the Fashion District BID, and business owners in the Fashion District present at relevant events.

**5.  Defendant BID's list of witnesses.**

The BID has requested an identification of the members of the Union whom are expected will be witnesses, plaintiffs' counsel may be witnesses to the seizure made by Mr. Santiago, plaintiffs' counsel may be witnesses to illegal recording of communications with BID employees/representatives, Health Department inspectors may be witnesses, and Safe Team and Clean Team members working with the BID may be witnesses.

**6.  Plaintiffs' key documents**: Plaintiffs will produce the following categories of documents:

    A.    Relevant Newspaper Articles

    B.    Plaintiffs' Tort Claims

    C.    Denial of Plaintiffs Tort Claims

    D.    Photos and videos of the incidents

**7.  Defendants City of Los Angeles' key documents**:

City of Los Angeles: Documents showing the work schedule of officers in question; photographs of enforcement actions either by the LAPD or the County Health Department.

**8.  Defendant BIDS key documents:**

    A.    Photographs and Video recordings made by plaintiffs and plaintiff's counsel.

    B.    Photographs made by Safe Team members.

    C.    Incident Reports and Call Logs

    D.    Health Department Records

    E.    Records of purchases of property allegedly seized and valuations thereof.

*///*

9. **Plaintiffs' subsidiaries, parents, and affiliates**: There are no subsidiaries, parents, or affiliates

10. **Defendants' subsidiaries, parents, and affiliates**: The City of Los Angeles : Not applicable.  BID:  none.

**e. Damages**

Plaintiffs Santiago and Puluc seek damages for the loss of their property, as well as statutory damages pursuant to pursuant to Civil Code §§ 52 and 52.1. In total, Plaintiffs estimate that Plaintiffs are entitled to $10,000 in damages.  Plaintiff Union does not seek monetary damages.

**f. Insurance**

1. The City of Los Angeles: Not applicable, as the City is self-insured.  The BID is not being covered by an insurance carrier.

**g. Motions**

At this time, Plaintiffs believe it is unlikely that they will file motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc. However, as discovery has just begun, Plaintiffs request until February 27, 2016 to amend the pleadings, including the addition of parties and claims.

Defendant City of Los Angeles has filed motions to dismiss and to strike portions of Plaintiffs' First Amended Complaint, which are scheduled to be heard by this Court on November 21, 2016. Defendant FDBID anticipates filing several motions for summary adjudication within approximately three weeks of the filing of this report. The City of Los Angeles anticipates bringing a motion for summary judgment at some point in the future.

The BID has met and conferred with plaintiffs' counsel in anticipation of filing Motions for Summary Adjudication on each of the three incidents alleged in the First Amended Complaint.

///

///

**JOINT RULE 26(f) REPORT**

**h. Manual for Complex Litigation**

The parties do not believe any of the procedures for the Manual for Complex Litigation are necessary in this case.

**i. Discovery plan**

    **1. Disclosures, Rule 26(f)(3)(A).** The parties will exchange initial disclosures on November 23, 2016. Both sides acknowledge their duty under Rule 26(e) to supplement the initial disclosures and discovery in a timely manner.

    **2. Deponents:**

        A.    Plaintiffs' anticipated deponents: Because discovery in this matter has just begun, Plaintiffs have not yet identified all relevant witnesses. Plaintiffs anticipate conducting depositions of defendant Linton as well as the City and FDBID pursuant to Rule 30(b)(6); individual FDBID and Los Angeles Police Department officers and other City and FDBIB employees and officials.  Plaintiffs expect that they will need to exceed ten depositions, but will not likely need to take more than 20 depositions.

        B.    Defendants City of Los Angeles and Officer Linton's anticipated deponents: Discovery has just begun. The City has not yet identified all relevant witnesses to the matters relevant to this dispute. However, the City anticipates that it will depose the name plaintiffs, as well as the leaders and certain members of, and those persons with knowledge of financial costs allegedly expended by, Union Popular.

        C.    The BID's anticipated deponents:  The BID has propounded written discovery on the Plaintiffs, due on December 13, 2016, seeking identification of the members of the Union, identification of the members who allege they have had their property seized,

evidence of the purchase/possession of the property allegedly seized, the value of the property allegedly seized, photographs and videotapes of street vending and seizures made by plaintiffs and their counsel, including the actual recording devices.  The BID has also noticed the depositions of the Union with a Request for Production of Documents, and the three individuals named in the First Amended Complaint, commencing December 15, 2016.

**3. Preservation, ESI, and Production, 26(f)(3)(C):**

A.    Archive/database files from ESI systems – including document management system and databases – will be produced in MS Excel, MS Access or MS Word formats or other formats[1] that retain their functionality so that they may be searched, sorted and queried, where feasible and not burdensome or oppressive.[2] ESI produced in malleable formats may be exchanged in PDF format in addition to the original formats, in order to avoid disputes over authenticity at trial.

B.    Email systems searches: the parties did not reach agreement on the use of email searches. Defendant FDBID rejected Plaintiffs' proposal that the parties meet and confer on lists of custodians and key word lists for search and production, and Defendant City indicated that it could not agree to the proposal in advance of receiving Plaintiffs' discovery requests.

---

[1] If other formats are used, then they must be readily accessible by the parties.

[2] To the extent the production of data from certain document management systems or databases in the requested format would necessitate an unreasonable expenditure of funds or resources (including excessive employee man hours), the parties agree to a production of data from such systems or databases in PDF format.

C.      Where possible, videos and photos will be produced in a format that includes metadata.

D.      The BID seeks the original source of all videos, including cell phones, and photographs for expert inspection, to which Plaintiffs object.

4.  The parties anticipate propounding interrogatories, request for production of documents, and request for admissions. On November 10, 2016, Plaintiffs propounded requests for production on the FDBID, and the FDBID propounded requests for production, interrogatories, and requests for admission on Plaintiffs.

5.  The parties acknowledge their duty to preserve information relevant to the claims and defenses in this action.

6.  Discovery will be conducted regarding the claims and defenses raised in the pleadings.

7.  The parties believe that 25 written interrogatories per party is adequate.

8.  The documents produced by the parties will be numbered with each number containing a prefix identifying the party producing the document (i.e. "Bates stamped"). The parties shall make reasonable efforts to ensure that individual documents produced maintain their internal pagination or other logical order (i.e. the pages of a five page document shall be produced together, in order, as five consecutive numbered pages).

9.  The parties acknowledge their duty to provide a log of all withheld documents and things under Rule 26(b)(5).

j.  **Discovery cut-off**. The parties propose November 12, 2017 as the cut-off date for non-expert discovery.

k.  **Expert discovery**. The parties propose September 4, 2017 as the date for initial expert disclosures and report deadline, October 4, 2017 as the date for the

**JOINT RULE 26(f) REPORT**

disclosure of rebuttal expert disclosure and report deadline, and November 3, 2017 as the cut-off for expert discovery.

l. **Dispositive motions**. The parties would like to reserve the right to dispose of the issues as summary judgment dictates.

m. **Settlement/alternative dispute resolution (ADR)**. The parties have engaged in a series of settlement conferences through the ADR program with Magistrate Judge Charles Eick. The Plaintiffs and the City have further engaged in direct settlement discussions outside of the ADR program. Despite their good faith efforts, the parties have not yet been able to resolve their disputes.

n. **Trial estimate**. The parties estimate that the trial will last between five to seven days.  Plaintiffs anticipate calling at least 10 witnesses at trial.  The Defendant BID anticipates calling at least 12 witnesses.  However, at this early stage it is difficult to give an accurate estimate. At present, the parties do not request bifurcation or phasing of issues.

o. **Trial counsel**. Carol Sobel, Cathy Sweetser, Cynthia Anderson Barker, Shayla Myers and Michael Kaufman and will be trial counsel for Plaintiffs. Eric Brown will be trial counsel for the City of Los Angeles.  Carol Humiston will be trial counsel for the BID..

p. **Independent expert or master**. The parties believe that the appointment of a master or independent scientific expert is unnecessary in this case.

q. **Timetable**. The Court's timetable form is completed and attached as Exhibit A.

///
///
///
///
///
///
///

**JOINT RULE 26(f) REPORT**

1   r. **Other issues**. A number of Plaintiffs' witnesses are monolingual Spanish-
2      speaking.   The Defendant BID has requested that discovery on the plaintiffs be
3      limited to a maximum of two firms, and absent agreement by plaintiffs' counsel,
4      requests the Court so order.

5

6   Dated: November 21, 2016          ACLU of Southern California
7                                     Legal Aid Foundation of Los Angeles
8                                     National Lawyers Guild-Los Angeles
                                      Schonbrun DeSimone Seplow Harris
9                                        & Hoffman, LLP

10

11                                    By: ___/s_____
12                                          Michael Kaufman
                                            Attorneys for Plaintiff, UNION POPULAR
13                                          DE VENDEDORES AMBULANTES

14

15  Dated: November 21, 2016          Respectfully Submitted,

16

17                                    By: ____/s_____
18                                          Carol Ann Humiston
19                                          Attorney for Defendant, FASHION
                                            DISTRICT BUSINESS IMPROVEMENT
20                                          DISTRICT

21

22  Dated: November 21, 2016          Respectfully Submitted,

23

24                                    By: _____/s_____
25                                          Eric Brown
26                                          Attorney for Defendant, CITY OF LOS
                                            ANGELES

27

28

**JOINT RULE 26(f) REPORT**

# EXHIBIT A

## SCHEDULE OF TRIAL AND PRETRIAL DATES

| Matter | Time | Weeks Before Trial | Parties Request | | Court Order |
|---|---|---|---|---|---|
| Trial (jury) (court) Estimated length: 40 hours | 8:30 am | | 1/29/2018 | | |
| [Jury trial] Hearing on Motions in Limine | 1:30 pm | -1 | 1/14/2018 | | |
| [Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine | | -1 | 1/14/2018 | | |
| Hearing on Disputed Jury Instructions | 1:30 pm | -2 | 1/7/2014 | | |
| Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | 3:00 pm | -4 | 12/24/2017 | | |
| Motions in Limine to be filed. | | -5 | 12/17/2017 | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists | | -6 | 12/10/ 2017 | | |
| Last date to file Joint Report regarding ADR Proceeding | | -7 | 12/3/2017 | | |
| Last date to conduct ADR Proceeding | | -8 | 11/26/2017 | | |
| Last day for hearing motions | 1:30 pm | -9 | 11/19/2017 | | |
| Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.] | | -10 | 11/12/2017 | | |
| Last to Amend Pleadings or Add Parties (90 days from Scheduling Conference) | | | 2/27/2017 | | |

EXIHBIT A

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this case.  My business address is: 1851 East First Street, Suite 450, Santa Ana, CA 92705.

A true and correct copy of the foregoing document(s) entitled (*specify*):

**JOINT 26(F) REPORT**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to Local Rule 5-3.2.1, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 21, 2016, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| **ATTORNEY(S) FOR PLAINTIFF(S)** | **ATTORNEY(S) FOR DEFENDANT(S)** |
| --- | --- |
| Carol A Sobel | Barry A Bradley |
| carolsobel@aol.com | bbradley@bglawyers.com |
| Catherine Elizabeth Sweetser | Carol Ann Humiston |
| catherine.sdshhh@gmail.com | chumiston@bglawyers.com |
| Claudia Menjivar | Eric Brown |
| cmenjivar@lafla.org | eric.brown@lacity.org |
| Cynthia M Anderson-Barker | |
| cablaw@hotmail.com | |
| Matthew G Clark | |
| mclark@lafla.org | |
| Paul L Hoffman | |
| hoffpaul@aol.com | |
| Shayla Renee Myers | |
| smyers@lafla.org | |

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (via):  Pursuant to F.R.Civ.P. 5 and/or controlling LR, on (**date**) **November 21, 2016,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Judge Beverly Reid O'Connell, Chamber box located at 312 North Spring Street Los Angeles, CA 90012-4701 (Chamber Copy) – Via Courier Service

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
| --- | --- | --- |
| 11/21/16 | Michelle Ochoa | |
| *Date* | *Printed Name* | *Signature* |

**PROOF OF SERVICE**